**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEAMFITTERS LOCAL 449 RETIREMENT SECURITY FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>BADGER METER, INC., KENNETH C. BOCKHORST, ROBERT A. WROCKLAGE, and DANIEL R. WELTZIEN,<br><br>    Defendants. | Case No.: 1:26-cv-04660-VEC<br><br>Hon. Valerie E. Caproni |

**MEMORANDUM OF LAW IN SUPPORT OF PAREKH FAMILY TRUST U/A DTD 06/06/2022'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF <u>AND APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND ................................................................................ 2

II.    PROCEDURAL HISTORY ............................................................................... 4

III.    ARGUMENT ..................................................................................................... 4

    A.    Appointing Movant as Lead Plaintiff Is Appropriate ...................................... 4

        1.    Movant Filed a Timely Motion. ........................................................... 5

        2.    Movant Has the Largest Financial Interest in the Relief Sought. ............... 6

        3.    Movant Satisfies the Relevant Requirements of Rule 23. ......................... 6

            a.    Movant's Claims Are Typical. .......................................................... 7

            b.    Movant Is An Adequate Representative. ............................................ 8

    B.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ....................... 9

IV.    CONCLUSION .................................................................................................. 10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Baldwin v. Net 1 UEPS Techs., Inc.*,
No. 19-cv-11174 (PKC), 2020 WL 1444937 (S.D.N.Y. Mar. 25, 2020) ................................ 5

*Brady v. Top Ships Inc.,*
324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................ 5, 6

*In re Cendant Corp.*,
264 F.3d 201 (3d Cir. 2001).............................................................................. 9

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................ 8

*In re E-Trade Financial Corp.* Securuties Litigation,
No. 07-cv-8538 (S.D.N.Y.).............................................................................. 9

*Ford v. VOXX Int'l Corp.,*
No. 14-cv-4183-JS-AYS, 2015 WL 4393798 (E.D.N.Y. Apr. 13, 2015)................................ 7

*In re Gentiva Sec. Litig.,*
281 F.R.D. 108 (E.D.N.Y. 2012) ........................................................................ 7

*Gurevitch v. KeyCorp, et al.,*
No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ...................................................... 10

*Jaramillo v. Dish Network Corporation, et al.,*
No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023)......................................................... 9

Kuriakose v. Fed. Home Loan Mortg. Co.,
No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ................................ 7

*Martin v. BioXcel Therapeutics, Inc. et al.,*
No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ........................................................... 9

*Petersen v. Stem, Inc. et. al.,*
No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) ........................................................ 10

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.,*
No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) ......................................................... 10

*Solomon v. Peloton Interactive, Inc. et al.,*
No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) .......................................................... 10

*In re Tesla Inc. Securities Litigation*
No. 3:18-cv-4865 (N.D. Cal.) ............................................................................ 9

iii

*Thant v. Rain Oncology Inc. et al.*,
    5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) ................................................................. 9

*Thant v. Veru, Inc. et al.*,
    No. 1:22-cv-23960 (S.D. Fla. July 27, 2023).......................................................... 10

*In re U.S. Steel Securities Litigation,*
    No. 2:17-579-CB (W.D. Pa.) .................................................................................. 9

*Villanueva v. Proterra Inc. et al.,*
    No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ........................................................ 9

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
    No. 10-cv-00864-SLT, 2011 WL 3511057 (E.D.N.Y. May 31, 2011) .................................... 8

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................... *passim*

**Rules**

FED. R. CIV. P. 23................................................................................................... 1, 5, 7

PAREKH FAMILY TRUST U/A DTD 06/06/2022 ("Movant") respectfully submits this memorandum of law in support of its motion ("Motion") to appoint it as lead plaintiff and approve its selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of persons and entities that purchased or otherwise acquired Badger Meter, Inc. ("Badger Meter" or the "Company") common stock between April 18, 2024 and April 16, 2026, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder, including SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, against Defendants Badger Meter, Kenneth C. Bockhorst ("Bockhorst"), Robert A. Wrocklage ("Wrocklage"), and Daniel R. Weltzien ("Weltzien") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that it is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses it suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other Class members' claims and it will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky

as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.    FACTUAL BACKGROUND[1]

Badger Meter manufactures and sells water measurement and management products. Historically, the Company's business centered on traditional water meters used by municipal and regional utilities to measure water consumption for billing and system management purposes. ¶ 2. Recently, the Company expanded into advanced metering infrastructure ("AMI") solutions, which allows utilities to collect usage data remotely through communication endpoints and software platforms. *Id.*

The statements referenced in ¶¶29-51 of the *SLRSF* Complaint were materially false and misleading. Badger Meter's financial results during the Class Period were at least partially attributable to the Company's practice of pulling-forward customer orders to recognize revenue early, which concealed weakening demand and deteriorating near-term order trends. ¶ 52. This practice also depleted revenue otherwise available for future periods, ultimately causing the disappointing financial results the Company later reported. *Id.*

On July 22, 2025, Badger Meter reported disappointing financial results for 2Q 2025, including earnings per share ("EPS") below consensus estimates, declining revenue growth, deteriorating margins, and warned "we expect absolute sales to decline sequentially in the third quarter of 2025." ¶ 6. Instead of acknowledging the results reflected an exhaustion of previously pulled-forward revenue, Defendants said it was "simply the nature of the business" and blamed a

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*SLRSF* Complaint") filed in the action styled *Steamfitters Local 449 Retirement Security Fund v. Badger Meter, Inc., et. al.,* Case No. 1:26-cv-04660-VEC (the "*SLRSF* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *SLRSF* Complaint. The facts set forth in the *SLRSF* Complaint are incorporated herein by reference.

gap caused by the completion of certain large AMI projects and delays in the start of others while stating "our funnel remains as robust as ever" and that demand softness was "not a concern." *Id.*

Despite Defendants' assurances, in response to this news, the price of Badger Meter stock declined 16.5%, or $40.42 per share, from $245.22 per share on July 21, 2025, to $204.80 per share on July 22, 2025, on unusually heavy trading volume. ¶ 7.

The Company reported disappointing financial results for 4Q 2025 on January 28, 2026, including missed revenue expectations and a "6% sequential decline in utility water sales." ¶ 8. However, Defendants continued to blame the poor results on "previously communicated project pacing effects." *Id.*

Following this disclosure, the price of Badger Meter stock fell 11%, or $18.09 per share, from $164.41 per share on January 27, 2026, to $146.32 per share on January 28, 2026, on unusually heavy trading volume. ¶ 9.

Finally, on April 17, 2026, Badger Meter reported disappointing 1Q 2026 financial results including that total sales were "9% lower than the prior year[]," "[u]tility water sales declined 10% year-over-year," "[o]perating earnings of $35.2 million, with an operating margin of 17.4%, compared to operating earnings of $49.4 million and an operating margin of 22.2% in the prior year," and "[d]iluted earnings per share (EPS) of $0.93, down from $1.30 in the first quarter of 2025." ¶ 10. Defendants again blamed "project timing," but also disclosed that "softer short-cycle municipal customer ordering" contributed to the disappointing financial results. *Id.* Defendants also revealed that the "variability" in short-cycle demand seen in 1Q 2026 "has always existed, inclusive of [the] 2023 to 2025 time frame" but claimed it was "less visible in the revenue outcomes because of the backlog condition combined with projects in flight." *Id.*

As the market digested this news, the price of Badger Meter stock dropped more than 24%,

3

or $36.75 per share, from $152.29 per share on April 16, 2026, to $115.54 per share on April 17, 2026, on unusually heavy trading volume. ¶ 11.

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *SLRSF* Action against the Defendants. Plaintiff Steamfitters Local 449 Retirement Security Fund ("SLRSF") commenced the first-filed action on June 2, 2026. On that same day, counsel acting on SLRSF's behalf published a notice on *ACCESS Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

## III.    ARGUMENT

### A.    Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

(aa) has either filed the complaint or made a motion in response to a notice. . .

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

4

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of its knowledge, the largest financial interest in this litigation—having lost $28,173.77 as a result of its transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against it that would render it inadequate to represent the Class. Accordingly, Movant respectfully submits that it should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.    Movant Filed a Timely Motion.

On June 2, 2026, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for SLRSF published the Press Release on *ACCESS Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Badger Meter common stock that they had 60 days from the publication of the June 2, 2026 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *Baldwin v. Net 1 UEPS Techs., Inc.*, No. 19-cv-11174 (PKC), 2020 WL 1444937, at *2 (S.D.N.Y. Mar. 25, 2020) (granting a motion for appointment as lead plaintiff where "plaintiff filed notice of this action on *Accesswire*, a national, business-oriented wire service").

Movant timely filed its motion within the 60-day period following publication of the June 2, 2026 Press Release and submitted herewith a sworn certification signed by Mr. Dipak Parekh, on behalf of Movant, attaching its transactions in Badger Meter common stock and attesting that it is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

**2.     Movant Has the Largest Financial Interest in the Relief Sought.**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Badger Meter common stock at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $28,173.77. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that it has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

**3.     Movant Satisfies the Relevant Requirements of Rule 23.**

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule

6

23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 WL 4393798, at \*3 (E.D.N.Y. Apr. 16, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *Id.* at \*6.

### a.    Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at \*4 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Badger Meter's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Badger Meter common stock during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,*

No. 10-cv-00864-SLT, 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.    Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated its adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and Movant's financial losses ensure that it has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between its claims and those asserted on behalf of the Class.

Moreover, Mr. Parekh is co-trustee of PAREKH FAMILY TRUST U/A DTD 06/06/2022 and duly authorized to individually act on its behalf. All transactions in Badger Meter made in PAREKH FAMILY TRUST U/A DTD 06/06/2022's account that are the subject of this Action were executed by Mr. Parekh. Further, Mr. Parekh considers himself to be a sophisticated investor, having been investing in the stock market for 20 years. He resides in Santa Clara, California. Mr. Parekh holds a bachelor's degree in commerce, is a qualified Chartered Accountant, and is an inactive Enrolled Agent. Mr. Parekh is currently retired, but prior to retirement worked for Go Global as a finance specialist. Therefore, Movant will prosecute the Action vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Mr. Parekh's Declaration in support of Movant's motion.

Accordingly, Movant meets the adequacy requirement of Rule 23.

**B.        Approving Lead Plaintiff's Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on its behalf and has retained the firm as the Class' Lead Counsel in the event it is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp*. Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States*

9

*Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant its Motion and enter an Order: (1) appointing Movant as Lead Plaintiff, (2) approving its selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: August 3, 2026                               Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton (AS-8383)
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for PAREKH FAMILY TRUST U/A DTD 06/06/2022 and [Proposed] Lead Counsel for the Class*

10

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Movant, certifies that this brief contains 2,950 words, which complies with the word limit of L.R. 7.1(c).


Executed on August 3, 2026.


/s/ Adam M. Apton
Adam M. Apton

11