# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEAMFITTERS LOCAL 449 RETIREMENT SECURITY FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BADGER METER, INC., KENNETH C. BOCKHORST, ROBERT A. WROCKLAGE, and DANIEL R. WELTZIEN, <br><br> Defendants. | Case No. 1:26-cv-04660 <br><br> <u>CLASS ACTION</u> |

**<u>PROPOSED JOINT LITIGATION PLAN</u>**

## I.  PURPOSE

1.  As proposed Lead Plaintiff, the City Pension Fund for Firefighters and Police Officers in the City of Tampa ("Tampa") understands its obligations to oversee the prosecution of this action in a vigorous, efficient, and cost-effective manner.  Consistent with those obligations, as well as this Court's prior practices, Tampa directed its proposed Co-Lead Counsel, Bleichmar Fonti & Auld LLP ("BFA") and Motley Rice LLC ("Motley Rice"), to enter this proposed litigation plan describing how proposed Co-Lead Counsel will share litigation responsibilities and ensure that this case is litigated efficiently without duplication of effort.  Tampa also directed its outside fiduciary counsel, Klausner, Kaufman, Jensen & Levinson ("Klausner"), to enter the plan as well.  Tampa, BFA, Motley Rice, and Klausner are each committed to vigorously prosecuting this case and sharing their collective resources while at the same time ensuring that the matter proceeds without undue cost or delay, yielding the best possible result for the putative class.

## II.  ATTORNEY IN CHARGE DESIGNATION

1.  To facilitate orderly decision-making, proposed Co-Lead Counsel have each designated an attorney-in-charge with the authority to speak on behalf of their respective firm:

    a.  Javier Bleichmar on behalf of BFA; and

    b.  Serena P. Hallowell on behalf of Motley Rice.

2.  The attorneys in charge shall be responsible for:

    a.  ensuring that the work performed by each firm is efficient and not duplicative of work performed by any other counsel;

    b.  facilitating communication between all counsel, as necessary; and

    c.  continuing to maintain orderly time records, as detailed *infra* at § V.2.

3.  The attorneys in charge shall also be responsible for delegating work to Klausner.

Robert D. Klausner shall be the responsible attorney from Klausner, will have authority to speak for that firm, will be responsible for ensuring that work is performed in an efficient and non-duplicative manner, and will ensure that Klausner maintains orderly time records as detailed *infra* at § V.2.

### III.    COMMUNICATION

1.    To remain informed of the progress of this litigation, Tampa and its undersigned counsel will hold calls and in-person meetings, as needed, to discuss the status of and developments in this case.

2.    Co-Lead Counsel will advise Tampa in writing of all significant developments in the litigation, including deadlines for filing pleadings, briefs, and conferences with the Court.  Any pleadings, briefs, or letters to defense counsel or the Court must be approved by Co-Lead Counsel prior to being filed with the Court and/or served on defense counsel.  Co-Lead Counsel shall also provide Tampa with copies of any significant pleading filed in this case.  Moreover, Co-Lead Counsel shall not commence any significant projects, including investigating and drafting the amended complaint, and researching and drafting the opposition briefing for Defendants' expected motion to dismiss, without Tampa's approval.

### IV.    ALLOCATION OF WORK

1.    To ensure that the prosecution of the proposed class's claims will proceed expeditiously, efficiently and in a non-duplicative manner, Tampa has approved that Co-Lead Counsel will evenly delegate the following tasks:

a.    Co-Lead Counsel shall designate either BFA or Motley Rice to be primarily responsible for investigating and drafting the amended complaint, with input from the remaining member of Co-Lead Counsel.  A working draft of the amended

2

complaint shall be provided to Tampa and Klausner at a reasonable time before the filing date established by the Court to permit them sufficient time to review and comment on the draft.

b.    Should Defendants file a motion to dismiss, Co-Lead Counsel shall designate either BFA or Motley Rice to be primarily responsible for investigating and drafting the opposition briefing, with input from the remaining member of Co-Lead Counsel. A working draft of the opposition briefing shall be provided to Tampa and Klausner at a reasonable time before the filing date established by the Court to permit them sufficient time to review and comment on the draft.

2.    Tampa has also approved that Co-Lead Counsel evenly delegate work for the following actions:

a.    The member of Co-Lead Counsel primarily responsible for drafting the amended complaint, as detailed *supra* at § IV.1.a., shall also be primarily responsible for coordinating the investigation to develop information to be used in the preparation of the amended complaint, including oversight of any independent investigators retained in connection with that investigation. The remaining member of Co-Lead Counsel shall provide any relevant witness interviews conducted to-date that may be helpful in developing the class's claims.

b.    The member of Co-Lead Counsel primarily responsible for drafting the opposition briefing to a motion to dismiss should Defendants file a motion to dismiss the amended complaint, as detailed *supra* at § IV.1.b., shall be responsible for initiating consultations with experts, including an expert on economic damages and other experts, as determined by Co-Lead Counsel.

3.    Tampa has also approved that:

a.    Co-Lead Counsel shall be responsible for conducting discovery of Defendants and shall allocate tasks among each other in an efficient, non-duplicative manner, as more information becomes available with respect to custodians and sources of information.

b.    Co-Lead Counsel shall designate either BFA or Motley Rice to be primarily responsible for overseeing discovery of Tampa, with the assistance of Klausner. This includes conducting custodial interviews to identify relevant sources and custodians of documents, assisting in coordinating the collection, review, and production of relevant documents, assisting in responding to written discovery requests, and assisting in preparing plaintiff witnesses to testify, particularly in connection with class certification.

c.    The member of Co-Lead Counsel that is not primarily responsible for overseeing discovery of Tampa shall be primarily responsible for conducting third-party discovery.

d.    Co-Lead Counsel shall designate either BFA or Motley Rice to be responsible for soliciting competitive bids for document repository companies so that discovery documents will be adequately stored and maintained.

e.    Co-Lead Counsel shall designate either BFA or Motley Rice to be responsible for soliciting competitive bids for deposition services, including transcription and recording services.

4

## V.    ATTORNEY REPORTING

1.    Co-Lead Counsel shall hold regular conference calls with themselves and Klausner to discuss developments in the case and the progress of assigned tasks.  A primary purpose of these calls will be to ensure that there is no duplication of efforts among counsel on any project(s) related to this case.

2.    To ensure accurate recordkeeping and to facilitate the Court's review of time and expense records, Co-Lead Counsel and Klausner agree to keep contemporaneous time records that include the name of the attorney, the amount of time spent on each activity, and the nature of the work performed on any matter in this case, pursuant to Section 14.213 of the *Manual of Complex Litigation* (4th ed. 2004).  In addition, significant expenses (such as retaining investigators, consultants, experts, etc.) shall require approval of all members of Co-Lead Counsel, and all disbursements made from the litigation fund will be supported by appropriate documentation evidencing the expense.

3.    Co-Lead Counsel and Klausner agree to exchange time records among themselves and Tampa, as requested.  Counsel also will provide records to the Court should a review of time records be necessary.

4.    Co-Lead Counsel and Klausner will be available to provide Tampa with written or in-person progress reports and presentations, as requested.

5

Dated: July 23, 2026

**BLEICHMAR FONTI & AULD LLP**

/s/ *Javier Bleichmar*

Javier Bleichmar
300 Park Avenue, Suite 1301
New York, New York 10022
Telephone: (212) 789-1341
Facsimile: (212) 205-3960
jbleichmar@bfalaw.com

*Counsel for Proposed Lead Plaintiff, and
Proposed Co-Lead Counsel for the Class*


/s/ *Bob Klausner*

**KLAUSNER, KAUFMAN, JENSEN &
LEVINSON**
Robert D. Klausner
7080 Northwest 4th St.
Plantation, Florida 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
bob@robertdklausner.com

*Additional Counsel for Proposed Lead
Plaintiff*

**MOTLEY RICE LLC**

/s/ _____

Serena P. Hallowell
800 Third Ave., Ste. 2401
New York, New York 10022
Telephone: (212) 577-0040
Facsimile: (212) 577-0054
shallowell@motleyrice.com

*Counsel for Proposed Lead Plaintiff, and
Proposed Co-Lead Counsel for the Class*

6