# Exhibit E

# JF JOHNSON FISTEL

# FIRM RESUME

SAN DIEGO, CALIFORNIA  •  NEW YORK, NEW YORK
MARIETTA, GEORGIA  •  DENVER, COLORADO  •  COEUR D ALENE, IDAHO
WWW.JOHNSONFISTEL.COM

# TABLE OF CONTENTS

**SELECT JUDICIAL ACCOLADES** ................................................................................................**1**

**INTRODUCTION**.................................................................................................................................**2**

**OUR ATTORNEYS** .............................................................................................................................**3**

   *PARTNERS*.........................................................................................................................................*3*

     FRANK J. JOHNSON .................................................................................................................3

     MICHAEL I. FISTEL, JR.............................................................................................................7

     BRETT M. MIDDLETON..........................................................................................................10

     MARY ELLEN CONNER...........................................................................................................12

     KRISTEN O'CONNOR..............................................................................................................15

     JEFFREY A. BERENS ..............................................................................................................17

     WILLIAM W. STONE ..............................................................................................................19

   *ASSOCIATES* ...................................................................................................................................*21*

     SCOTT M. KOREN ...................................................................................................................21

     ANTHONY E. MANCE .............................................................................................................22

     ASHLEY SCHAF ......................................................................................................................22

     BRYAN I. SCHILD ...................................................................................................................23

     JONATHAN M. SCOTT ............................................................................................................24

   *OF COUNSEL*...................................................................................................................................*26*

     RICHARD A. NERVIG .............................................................................................................26

     SETH SCHECHTER ..................................................................................................................27

     RALPH M. STONE ...................................................................................................................28

**SELECTED EXAMPLES OF REPRESENTATIVE MATTERS** ......................................**32**

     Business and Commercial Litigation ......................................................................................32

     Trials & Arbitrations ...............................................................................................................33

     Shareholder Derivative Actions ..............................................................................................33

     Corporate Takeover Litigation................................................................................................39

     Securities Class Actions ..........................................................................................................42

     Consumer Class Actions .........................................................................................................47

     Employment and Labor Cases .................................................................................................49

**NOTEWORTHY SUCCESS STORIES** .....................................................................................**50**

     A Happy Client Following Trial .............................................................................................50

     Record Setting Class Action Settlement in Washington..........................................................50

     Recovering Cash for and Reforming Practices at a Global Social Media Company...........50

     One of the Largest Recoveries in a Derivative Case in Tennessee.......................................51

     Helped Secure $24 million for the Company...........................................................................51

     Helped Secure $29 Million for Shareholders.........................................................................52

     Keeping Corporate America Accountable ..............................................................................52

     Creating Shareholder Value Through Innovative Corporate Reforms ................................52

     Helped Investors Harmed In Connection with Public Offerings ..........................................53

**TESTIMONIALS**................................................................................................................................**54**

 

## **SELECT JUDICIAL ACCOLADES**

---

**Hon. Yvonne Gonzalez Rogers**
U.S. District Court Judge
Northern District of California.

*"The Court rarely comments on counsel's performance.  Here, such commentary is appropriate… Counsel performed excellent work…for the benefit of the shareholders."*

---

**Hon. Ed Kinkeade**
U.S. District Court Judge
Northern District of Texas

*"…articulate, high quality, and successful pleadings…excellent efforts in this case…"*

---

**Hon. Mark H. Cohen**
U.S. District Court Judge
Northern District of Georgia

*"Skilled, and experienced counsel … nationally recognized leaders in shareholder litigation."*

---

**Hon. Laura S. Taylor**
U.S. Bankruptcy Court Judge
Southern District of California

*"I want to compliment on the successful recovery…outstanding work…"*

---

**Hon. Edward M. Chen**
U.S. District Court Judge
Northern District of California

*"…they are qualified and experienced and are capable of acting as lead counsel…The Court is favorably impressed…"*

---

**Hon. Kathaleen St. J. McCormick**
Chancellor
The Delaware Court of Chancery

*"Congratulations on what was a hard-fought set of litigations and an incredibly complicated settlement to achieve, so well done."*

---

*For the full text of these testimonials, and others, please see the Testimonials page.

# **INTRODUCTION**

Johnson Fistel is a law firm built on the following five core values: Professionalism, Respect, Integrity, Determination, and Excellence in everything we do. These core values are more than words on a piece of paper; every attorney and staff member at Johnson Fistel embraces them and has PRIDE in everything they do. All of the firm's members affirmatively agree to these core values on an annual basis.

## Professionalism

At Johnson Fistel, we believe professionalism – through trust, transparency, and reliability – is critical to developing long-lasting and successful relationships. Not only must our clients trust us to provide excellent legal services in a professional manner, but we must also trust each other to always do the right thing and to zealously advance our clients' interests. Moreover, we share a collective mission to act professionally and build trust with judges, juries, and our adversaries so that our professional reputation remains synonymous with our core values.

## Respect

We strive to demonstrate high regard for our clients, one another, partners within the legal community, and our ethical obligations as advocates. We value the ideas and beliefs of each of our team members. This principle includes valuing differing opinions and allowing others to express themselves to work together toward common goals.

## Integrity

There's never a wrong time to do the right thing. At Johnson Fistel, we consistently do the right thing, in the right way, for the right reasons. We take pride in our reputation for having integrity when zealously advocating for our clients. By always acting with integrity, we build trust and confidence with our clients, colleagues, and juries, and respect with judges and adversaries.

## Determination

Determination is key to our success. At Johnson Fistel, we do not give up when faced with well-financed opponents or difficult arguments; instead, we rise to the challenge and meet it head on by relentlessly pursuing innovative and persuasive solutions to advance the best interests of our clients. It is our determination – our will to succeed and never give up – that separates us from most lawyers. To succeed, we know that we must exercise the strength of mind and the willingness to exceed client and industry expectations and provide exceptional advocacy, every time.

## Excellence

Simply put, we hold ourselves to a higher standard. Average is easy. Excellence is hard. Perfection is always the goal. Whether it's writing persuasive legal arguments, maintaining a strong and prompt communication line with our clients, or vigorously

advocating in a courtroom on their behalf, we wholly reject mediocrity and strive for a competitive edge by delivering excellence in everything we do.

We believe we are only as good as our people, and Johnson Fistel recruits only the best and brightest and most determined candidates possible. Our lawyers include those who started their training by working for esteemed judges in both state and federal courts and have also worked at the largest law firms in the world. We pride ourselves on providing the same level of service with a greater level of efficiency. As a result, we have developed the reputation for delivering big-firm results with the efficiency and personal touch one would expect at a small law firm.

## OUR ATTORNEYS

## PARTNERS

### FRANK J. JOHNSON

Mr. Johnson is one of the founding partners of Johnson Fistel and has more than thirty years of experience as a trial attorney focusing on complex civil litigation. Prior to starting his own law firm in 2004, Mr. Johnson was a partner in the law firm Sheppard, Mullin, Richter & Hampton, LLP, a full-service Global 100 law firm with over 1,000 attorneys in 15 offices located around the world.

While at Sheppard Mullin, Mr. Johnson represented some of the largest companies in the country in complex business disputes conducting trials in state and federal court.  He brings this "Big Law" experience to his current practice where he can offer the efficiency and personal touch of a smaller law firm.  With the trust and confidence of his colleagues and clients over the past 20 years, the law firm that Mr. Johnson started with just one lawyer has now grown to a full-service law firm with 16 lawyers and offices in California, Georgia, New York, Colorado, and Idaho.

Mr. Johnson is also the Founder and Chief Executive Officer of Esq. Wealth Management, Inc., a wealth management firm that, in conjunction with its affiliated professionals and alliances, is made up of experienced lawyers and financial professionals with advanced degrees, certifications, and first-hand life-experience in taxation, asset protection, and high-net-worth wealth management.  For more information, please visit https://www.esqwealth.com/.

Representative Matters:  Mr. Johnson's experience representing publicly traded companies at Sheppard Mullin has carried over to his current practice.  Mr. Johnson has been and continues to be retained by private and publicly-traded companies.  For example, the court appointed U.S. Chapter 7 Trustee overseeing the bankruptcy of Powerwave Technologies, Inc. retained Mr. Johnson as lead counsel to pursue claims

for breach of fiduciary duty against the company's wayward officers and directors. Mr. Johnson helped the Trustee recover $5.5 million for the estate. *In re Powerwave Technologies, Inc.*, (Bankr. D. Del.). Mr. Johnson obtained a similar result in *In re Artes Medical, Inc.*, (Bankr. S.D. Cal.) when the U.S. Chapter 7 Trustee of Artes Medical, Inc. retained Mr. Johnson as lead counsel. Mr. Johnson helped the estate recover a multi-million-dollar settlement. When deciding whether to approve the settlement, the Honorable Laura S. Taylor stated "[t]here's no question in my mind that this settlement is in the best interest of this Estate . . . I want to compliment Mr. Johnson, and I want to compliment on the successful recovery for the Estate. The creditors thank you, and I thank you." *See also International Real Estate PLC v. Oaktree Capital Management, LLC*, (Cal. Super. Ct. Los Angeles Cnty.) (a public company with shares listed on the London Stock Exchange retained Mr. Johnson as lead counsel to pursue claims for breach of fiduciary duty against former directors of a joint venture company for damages in excess approximately $20 million; the case ultimately settled on favorable terms to International Real Estate) (*See* testimonial from the firm's client under Testimonials).

Mr. Johnson has also continued to represent individual clients and small companies through jury verdicts in complex civil litigation. By way of example, in *Healthy Life Marketing, LLC, et al. v. Jaime Brenkus' Sound Body, Inc.* (Cal. Super. Ct. San Diego Cnty.), Mr. Johnson helped his client recover a seven-figure verdict following a week-long jury trial. *See* testimonial from the firm's client below. Similarly, in *DCI Solutions v. Urban Outfitters* (S.D. Cal.), Mr. Johnson served as lead trial counsel for a small local consulting firm in a case against one of the nation's largest clothing retailers in a matter that would have forced the company into bankruptcy if it lost. Following a week-long trial in federal court, the jury returned a verdict rejecting the retailer's $1.5 million damage claim in its entirety.

In addition to his complex civil litigation practice, Mr. Johnson has served as lead or co-lead counsel in scores of representative matters (class actions and derivative actions) throughout the country, including: *In re Motorola, Inc. Derivative Litigation*, (Ill. Cir. Ct. Cook Cnty.) (derivative action settled after six years of litigation on terms that required the implementation of comprehensive corporate therapeutic changes valued by one expert at over $1 billion); *In re the Titan Corp. Derivative Litigation*, (Cal. Super. Ct. San Diego Cnty.) (derivative action resulting in $29 million in increased consideration to Titan's shareholders in the all-cash merger acquisition); *Bagot v. Bracken, et al.*, (Tenn. Cir. Ct., 6th Cir.) (derivative action resulting in a payment of $19 million to the company, believed to be among the largest recoveries in a derivative case in the State of Tennessee, and implementation of significant corporate therapeutics); *Englehart v. Brown, et al.* (Wash. Super. Ct. King Cnty.) (shareholder class action resulting in what is believed to be the largest recovery ever obtained in a class action challenging the price of a merger or acquisition of a public company in a Washington court, $12.75 million additional consideration for class members); and *Baker v. Visa International Corp.*, (Cal. Super. Ct. San Diego Cnty.) (consumer class action against Visa for wrongfully

assessing undisclosed fees by manipulating the currency conversion rates when consumers used their Visa Card for purchases in other countries and ultimately coordinated with *In re Currency Conversion Fee Antitrust Litigation* which resulted $336 million for the class members).

Areas of Practice:  Mr. Johnson's practice focuses on complex civil litigation. Mr. Johnson has extensive experience in all aspects of trial practice, mediation, trial preparation, and non-jury and jury trials in state and federal court.  In addition to his general trial practice, Mr. Johnson has both prosecuted and defended a number of cases involving securities fraud in class actions and derivative cases.

Professional Qualifications and Activities: Mr. Johnson was admitted to the State Bar of California in 1994.  He is currently admitted in good standing with the following courts:

- The Supreme Court of the United States of America
- All courts in the State of Idaho
- All courts in the State of California
- The United States Courts of Appeals for the Third and Ninth Circuits
- The United States District Courts for the Southern, Central, Eastern, and Northern Districts of California
- The United States Court of Federal Claims
- The United States District Court for the Northern District of Illinois
- The United States District Court for the District of Colorado

Mr. Johnson is currently, or has been previously, a member of the following professional organizations:

- Association of Business Trial Lawyers, Member of the Board of Governors (2018-2024)
- The San Diego County Bar Association (1996-2024)
- The Federal Bar Association
- The Litigation Section of the State Bar of California
- SD Regional Chamber of Commerce, Vice Chair Tech Comm. (2002-2005)

Mr. Johnson completed the following trial advocacy programs:

- San Diego County District Attorney one-month misdemeanor jury trial program
- Louis M. Welsh American Inn of Court, one-year program
- San Diego Inn of Court College of Advocacy, multi-week trial course
- San Diego Inn of Court College of Advocacy, multi-week evidence course

Following graduation from law school in 1994, Mr. Johnson served as a judicial law clerk for one year for the Honorable John S. Rhoades, a federal trial judge in the U.S. District Court for the Southern District of California.

Awards and Peer Recognition:

- *Martindale-Hubbell*: Martindale-Hubbell Peer Review Ratings, the gold standard in attorney ratings, has recognized lawyers for their strong legal ability and high ethical standards for more than a century. Mr. Johnson has received an AV rating for more than 20 consecutive years, awarded to only those lawyers with the highest ethical standards and professional ability, as established by confidential opinions from members of the Bar.

- *Super Lawyers*: Mr. Johnson has been recognized as a Super Lawyer in Business and Securities Litigation for the past 7 consecutive years. Thomson Reuters awards this recognition to the top 5% of attorneys who have obtained a high-level of professional achievement and are highly regarded by their peers.

- *San Diego Magazine Top Lawyers*: In its August 2024 edition, San Diego Magazine included Mr. Johnson as one of the 2024 Top Lawyers in business law in San Diego. This year is the tenth consecutive year that the publication recognized Mr. Johnson as a Top Lawyer.

- *America's Most Honored Lawyers Top 1%*: In 2024, The American Registry again honored Frank J. Johnson with this award. Each year, The American Registry certifies qualifying public recognitions of excellence including significant mentions in the press, honors by recognized trade groups, and acclaimed recognitions by peers or clients. It reserves this award for only the Top 1% of American Lawyers.

Education:

- *Certified Private Wealth Advisor*®: Mr. Johnson completed Yale School of Management's Certified Private Wealth Advisor® (CPWA®) curriculum and obtained the CPWA® certification administered by Investments & Wealth Institute® in 2021. The program includes a series of advanced financial advisor courses presented by leading Yale faculty and industry experts covering the most advanced knowledge and techniques to address the sophisticated needs of high-net-worth clients with a minimum net worth of $5 million.

- *Washington University School of Law*: Mr. Johnson received his Juris Doctor degree from Washington University School of Law in 1994, where he was in the top 10% of his class while in attendance. At both Washington University School of Law and the University of San Diego School of Law (where Mr. Johnson was a visiting student in his third year), Mr. Johnson won first place awards in each school's Moot Court Competition.

- *San Diego State University*: Mr. Johnson received his Bachelor of Science degree in Business Administration with an emphasis in Finance from San Diego State University in 1990, where he graduated second in his class major, with honors and *summa cum laude*.

Community and Volunteer Activities:

- *Association of Business Trial Lawyers (the "ABTL")*: From 2018 through 2024, Mr. Johnson served on the San Diego Chapter of the Association of the Board of Governors for the ABTL. His year-round involvement included monthly planning meetings and regular interaction with state and federal judges and trial attorneys through the ABTL's programs, quarterly dinners, and broader community engagement—reflecting his deep connection to San Diego's trial advocacy community. For seven years, Mr. Johnson played the central role in the ABTL's Bi-Annual Trial Skills Seminar—coordinating all aspects of the program, recruiting judges, top trial lawyers, and participants, and led the full-day mock trial with a group of 50-60 judges and trial attorneys.

- *Feeding San Diego*: From 2017 through 2024, Mr. Johnson led his firm's efforts to be the leading fund raiser for Feeding San Diego's annual challenge to help fight summer hunger throughout San Diego County. Mr. Johnson also donated time with several members of the firm to organize food for distribution to the needy.

- *Court Appointed Special Advocate ("CASA")*: For several years, Mr. Johnson served as a volunteer at Voices for Children, where he acted as a CASA meeting several times each month with a foster child and attending court hearings to advocate for the child's best interests.

## MICHAEL I. FISTEL, JR.

Mr. Fistel is one of the founding partners of Johnson Fistel and manages the firm's Georgia office. For more than two decades, Mr. Fistel has dedicated his practice to protecting investor and consumer rights in complex class action and shareholder derivative litigation nationwide. In so doing, Mr. Fistel has been instrumental in obtaining millions of dollars for aggrieved shareholders of companies such as Flowers Foods, Inc., Chiasma, Inc., and Lightning eMotors, Inc. Through his derivative practice, Mr. Fistel has secured significant cash recoveries and caused sweeping corporate governance reforms on behalf of numerous publicly traded companies, including at The Southern Company, Twitter (n/k/a X), FirstEnergy Corp., and CoreCivic, Inc. Mr. Fistel has also fought for the rights of consumers, employees, and businesses in class action litigation.

Representative Matters: Mr. Fistel's success in protecting investor rights in shareholder class action and derivative litigation is exemplified in *Gendrich v.*

*Anderson et al.*, Civil Action No. CV-2020-07-2107 (Ct. of Common Pleas, Summit Cnty., Ohio) ("FirstEnergy, Inc. Derivative Litig."), where Johnson Fistel, serving as co-lead counsel and Mr. Fistel serving as primary negotiator on behalf of the state court plaintiffs, helped to secure a historic settlement for the benefit of FirstEnergy, a company whose fiduciaries led the Company into a political maelstrom described by the United States Attorney for the Southern District of Ohio as "likely the largest bribery, money laundering scheme ever perpetrated against the people of the state of Ohio." The settlement included a cash payment to the Company of $180 million (less court-approved attorneys' fees) and substantial corporate reforms, including the agreement that six of the company's then-directors who were on the board a minimum of five years would not stand for re-election, as well as additional reforms relating to the Company's political spending and lobbying. In addition, in *In re: Twitter, Inc. Shareholder Derivative Litigation (n/k/a X)*, C.A. No. 18-062 (D. Del.), Johnson Fistel serving as co-lead counsel and Mr. Fistel serving as one of the chief negotiators, secured a $38 million payment to Twitter and successfully negotiated robust corporate reforms tailored to address alleged disclosure deficiencies concerning the company's user growth and user engagement prospects. Similarly, in *Alex v. McCullough, et al.*, No. 1:12-cv-08834 (N.D. Ill.), Mr. Fistel helped to secure a $20 million recovery and sweeping management and board-level corporate governance reforms for Career Education Corporation. Most recently, in *In re ATI Physical Therapy, Inc. S'holder Deriv. Litig.,* Case No., 1:21-cv-06415 (N.D. Ill.), Mr. Fistel helped secure a $6.45 million recovery for ATI Physical Therapy in a complex, stockholder and derivative action which then facilitated the resolution of related class claims. Pecuniary recovery is not the only valuable consideration that can be achieved in shareholder derivative litigation. One recent example is in *In re Southern Company Shareholder Derivative Litigation*, No. 1:17-cv-00725-MHC (N.D. Ga.), where following more than five years of litigation, Mr. Fistel, as one of the chief negotiators, secured reforms valued by one expert as having the potential to contribute hundreds of millions of dollars in value to the Company. In approving the settlement, U.S. District Judge Mark H. Cohen praised Johnson Fistel for its diligence and efforts in the case and described the settlement as "the product of hard-fought, arm's-length negotiations by prepared, skilled, and experienced counsel" who are "nationally recognized leaders in shareholder litigation."

Mr. Fistel has had similar success in the securities class action arena. Specifically, in *Shafer v. Lightning eMotors, Inc., et al.*, No. 1:21-cv-02774-RMR-KAS, a securities class action lawsuit where Johnson Fistel served as co-lead counsel, Mr. Fistel helped to secure a $13.35 million class-wide settlement despite the facts that the case was dismissed, and the company was in receivership. In *Benson v. D-Market Elektronik Hizmetler ve Ticaret Anonim Sirketi et al.*, Index No. 655701/2021 (N.Y. Sup. Ct. New York Cnty.), a securities class action lawsuit where Johnson Fistel also served as co-lead counsel, Mr. Fistel helped to secure a $13.9 million class-wide settlement. Similarly, in *Gerneth v. Chiasma, Inc.*, No. 1:16-cv-11082-DJC (D. Mass.), with Johnson Fistel serving as co-lead counsel, Mr. Fistel helped to secure an

$18.75 million class-wide settlement on behalf of injured investors. Yet another example of where Mr. Fistel serving as lead counsel for the firm, played an instrumental role in recovering money for a class of aggrieved shareholders is *In Re Flowers Foods, Inc. Securities Litigation*, No. 7:16-CV-00222-WLS (M.D. Ga.), where he helped secure a $21 million class settlement.

Areas of Practice: Mr. Fistel devotes his practice to representing individuals, institutions, and businesses in shareholder and other complex litigation. Specifically, a substantial portion of Mr. Fistel's practice is focused on representing shareholders in securities fraud class action litigation and shareholder derivative litigation. In addition to shareholder litigation, Mr. Fistel also represents aggrieved consumers and businesses in other complex litigation arising out of financial and consumer fraud.

Professional Qualifications: Mr. Fistel was admitted to the State Bar of Georgia in 2001, and is currently admitted in good standing with the following courts:

- All courts in the State of Georgia
- The Supreme Court of the United States of America
- The United States Courts of Appeals for the First, Second, Third, Fourth, Tenth, and Eleventh Circuits
- The United States District Courts for the Northern and Middle Districts of Georgia
- The United States District Court for the District of Colorado
- The United States District Court for the Northern District of Illinois
- The United States District Court for the District of Maryland
- The United States District Court for the Southern District of Indiana

Mr. Fistel has also been invited to speak at the Georgia State University School of Law in the area of corporate governance and shareholder rights and has served as an invited panelist for the Securities and Corporate Litigation Sub-Section of the Atlanta Bar Association.

Awards and Peer Recognition: For 2025 and 2026, Mr. Fistel was recognized as a "Top Lawyer" for Shareholder Rights Litigation by Georgia Biz Magazine. Additionally, since 2017, Mr. Fistel has received an AV rating with Martindale-Hubbell, which indicates very high to preeminent legal ability and very high ethical standards as established by confidential opinions from members of the Bar. Mr. Fistel has also been recognized as a Georgia Super Lawyer—Rising Star by Atlanta Magazine on numerous occasions, an honor bestowed on just 2.5% of the attorneys in the State of Georgia.

Education: Mr. Fistel attended New England Law in Boston, Massachusetts, earning his Juris Doctor degree in 2001. While at New England Law, Mr. Fistel was repeatedly named to the Dean's List and received the CALI Award for Excellence in Trial Practice and Sports Law. Prior to attending New England Law, Mr. Fistel attended Florida State University as a Florida Undergraduate Scholar and graduated with a Bachelor of Arts degree in English.

## BRETT M. MIDDLETON

Brett M. Middleton is a partner in Johnson Fistel's San Diego office.  He has over two decades of experience representing institutional and individual investors in stockholder corporate governance derivative litigation, merger-related class action litigation, and securities fraud class action litigation.  Working with the firm's stockholder clients, he strives to hold management of publicly traded companies accountable by achieving significant financial recoveries and meaningful corporate governance reforms.

Before joining Johnson Fistel in 2019, Mr. Middleton was with Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") for 15 years, where he was instrumental in the prosecution of Stockholder Derivative Actions, Mergers & Acquisitions ("M&A") Class Actions, and Securities Fraud Class Actions.

Mr. Middleton currently serves as the partner in charge of the following stockholder derivative actions in the Delaware Court of Chancery where Johnson Fistel was appointed as Lead Counsel:  *In re Nikola Corp. Derivative Litigation* (C.A. No. 2022-0023-KSJM); *In re QuantumScape Corp. Stockholder Derivative Litigation* (C.A. No. 2022-0490-JTL); and *In re Array Technologies Inc. Derivative Litigation* (C.A. No. 2022-0683-LWW).  He is also currently serving as the partner in charge in *In re Exxon Mobil Corp. Derivative Litigation* in the U.S. District Court for the Northern District of Texas, Dallas Division (Lead Case No. 3:19-cv-01067-K), where Johnson Fistel was appointed Lead Counsel.

Stockholder Derivative Actions:  Mr. Middleton has had extensive recent success representing stockholders in representative derivative litigation where he recovered money for the company and helped to improve corporate governance practices and enforce the fiduciary obligations of corporate boards and officers.  For example, in *In re Nikola Corporation Derivative Litigation*, No. 2022-0023-KSJM (Del. Ch.) where Johnson Fistel was appointed Co-Lead Counsel, Mr. Middleton, serving as one of two lead negotiators, helped secure a $33.75 million recovery to resolve overlapping derivative and direct class action claims.  The settlements were the result of over four years of litigation, during which Co-Lead Counsel devoted more than 9,000 hours of time, and involved the exchange of over two million pages of discovery, extensive mediation, and coordination with Nikola's bankruptcy estate.  Prior to mediation, Co-Lead Counsel overcame the defendants' multiple motions to dismiss when Chancellor Kathleen St. J. McCormick issued an order that sustained the alleged disclosure violations and oversight failures under *Caremark*, upheld the *Brophy* claim for insider trading, and upheld certain of the direct class claims for disclosure violations concerning the Merger under *MultiPlan* and its progeny.  In approving the settlements, Chancellor McCormick offered her "[c]ongratulations on what was a hard-fought set of litigations and an incredibly complicated settlement to achieve," and "recognize[d] that the perils of bankruptcy

added complications to these negotiations that perhaps rendered already complicated cases even more so."

In *Cohen, et al. v. Hughes, et al.,* No. 2:21-cv-08734-CJC-PVC (C.D. Cal.), Mr. Middleton was one of the chief negotiators who helped secure a $12.5 million cash payment to Workhorse Group, Inc., along with comprehensive board and management-level corporate governance reforms, including creation of a Chief Compliance Officer position, creation of a Disclosure Controls committee, Audit Committee and Risk Management enhancements, and insider trading, clawback policy, and whistleblower reforms. *In re Geron Corporation Stockholder Derivative Litigation*, No. 3:20-cv-02823-WHA (N.D. Cal.), is another example where Mr. Middleton, as one of the lead negotiators, was able to obtain valuable corporate governance reforms for Geron Corp., including the addition of a new independent director, creation of a management-level disclosure committee, and the creation of the position of Chief Compliance Officer.

Mergers & Acquisitions Class Actions:  He has contributed significantly to important post-closing damages M&A class actions, which recovered significant amounts for stockholders as a result of mergers allegedly closing at an unfair price and pursuant to an inadequate process, including: *Morrison v. Berry*, *et al.,* (Del. Ch.) ($27.5 million recovered for The Fresh Market stockholders); *Baum v. Harman Int'l Industries, Inc*. (D. Conn.) ($28 million recovered for Harman Int'l stockholders); *Goldstein v. Denner, et al.,* (Del. Ch.) ($124 million recovered for Bioverativ, Inc. stockholders); and *Teamsters Local 237 Additional Security Benefit Fund and the Teamsters Local 237 Supplemental Fund for Housing Authority Employees and Alan Waterhouse v. Dan Caruso*, (Del. Ch.) ($27.125 million obtained for Zayo Group Holdings, Inc. stockholders).  Recently, in *Murray v. EarthLink Holdings Corp.*, No. 4:18-cv-00202-JM (E.D. Ark.), a securities class action where Johnson Fistel served as Additional Counsel for the Lead Plaintiff, Mr. Middleton helped secure an $85 million class-wide settlement for alleged breaches of fiduciary duty by EarthLink and Windstream insiders in connection with false and misleading statements in a proxy and registration statement issued in connection with a merger.

While with BLB&G, Mr. Middleton contributed significantly to successful M&A transactional litigation efforts to challenge the improper use of defensive measures and deal protections for management's benefit, including M&A transactional expedited litigation in the Delaware Court of Chancery involving Alberto-Culver and Unilever, Caremark and CVS, Emulex and Broadcom, Medco and Express Scripts, and Yahoo! and Microsoft, as well as Ticketmaster and Live Nation in the Superior Court of California, County  of Los Angeles.

Securities Fraud Class Actions: Mr. Middleton has also had success in the practice area of stockholder securities class action litigation.  For example, in *FTSI Securities Litigation (Glock v. FTS International, Inc.)* (S.D. Tex.), a securities class action where Johnson Fistel served as Co-Lead Counsel, Mr. Middleton helped secure

a $10 million class-wide settlement for certain investors for alleged violations of Sections 11 and 15 of the Securities Act of 1933.  Similarly, while with BLB&G, Mr. Middleton was a senior member of the teams responsible for the prosecution of a wide variety of high-profile securities class action cases that have achieved substantial recoveries for investors.  Notable high-profile securities class action cases include: *Lehman Brothers Equity/Debt Securities Litigation* (S.D.N.Y.) (recovered $615 million for investors from multiple defendants, which is considered one of the largest total recoveries for stockholders in any case arising from the financial crisis), *Williams Securities Litigation* (N.D. Okla.) ($311 million combined settlement for alleged accounting fraud, which was the largest settlement at the time without a company restatement), *Lehman Brothers/Ernst & Young Securities Fraud Class Action* (S.D.N.Y.) (resulted in the $99 million settlement with Lehman's former auditor, Ernst & Young, arising from the financial crisis, which at the time was one of the 10 highest public auditor settlements ever achieved), *Lumber Liquidators Securities Litigation* (E.D. Va.) (obtained over $40 million for class members arising from alleged scheme to inflate margins by importing cheap and illegal flooring products as exposed by the CBS news show *60 Minutes*), *Accredo Health Securities Litigation* (W.D. Tenn.) ($33 million for investors arising from accounting fraud claims), *Accredited Home Lenders Securities Litigation* (S.D. Cal.) ($22 million recovered for investors for fraud claims relating to mortgage lending practices), and *Clarent Corp. Securities Litigation* (N.D. Cal.) (after a four-week jury trial, obtained rare jury verdict in favor of plaintiffs and against the company's former CEO for knowingly making false and misleading statements in violations of federal securities laws).

Recognition:  For his professional achievements, Mr. Middleton has received multiple industry and national recognitions, including "Recommended Lawyer in M&A Related Shareholder Litigation" by *Legal 500 USA Guide*, "San Diego Super Lawyer" by Super Lawyers, and "Best of the Bar" by *San Diego Business Journal*.

Professional Qualifications and Associations:  Mr. Middleton was admitted to the State Bar of California on December 8, 1998, and is admitted in good standing with all courts in the State of California.  He is also admitted in good standing with the U.S. District Courts for the Central, Northern, and Southern Districts of California. Mr. Middleton is a member of the UCLA Alumni Association and the University of San Diego School of Law Alumni Association.

Education: Mr. Middleton received a Bachelor of Arts degree from the University of California, Los Angeles (UCLA) on June 18, 1993, and a Juris Doctor degree from the University of San Diego School of Law on May 23, 1998.

## MARY ELLEN CONNER

Ms. Conner is a partner in the Georgia office of Johnson Fistel with extensive experience in securities and shareholder, complex commercial, and class action litigation and appeals.  As part of her securities litigation practice, Ms. Conner has

successfully secured several multi-million-dollar class settlements on behalf of aggrieved investors. Ms. Conner has also secured substantial monetary payments in addition to valuable corporate governance reforms on behalf of public companies suffering from board and officer disloyalty, including ATI Physical Therapy, Inc., FirstEnergy, Inc., and Twitter. Ms. Conner has also successfully represented investor and consumer classes throughout litigation and appeals in federal and state courts nationwide.

Prior to joining Johnson Fistel, Ms. Conner practiced law at JONES DAY, a full-service law firm with more than 2,500 lawyers and 43 offices around the world, representing companies in complex commercial and securities litigation and defending corporate officers and directors against allegations of breach of fiduciary duty and insider trading. Ms. Conner also previously represented numerous businesses, healthcare providers, and individuals in connection with government investigations and litigation brought by the Department of Justice and Office of Inspector General for alleged violations of the False Claims Act, federal securities and commodities fraud statutes, and insider trading prohibitions. In addition to her prior practice experience, Ms. Conner also previously served on the faculty of Atlanta's John Marshall Law School teaching Civil Procedure I and II; Legal Research, Writing, and Analysis I; and Legal Communications and Process.

Representative Matters:  Ms. Conner has played a material role in successfully resolving several high-profile securities and shareholder derivative matters.

Her securities litigation experience is exemplified most recently in *Shafer v. Lightning eMotors, Inc., et al.*, No. 1:21-cv-02774-RMR-KAS, a securities class action lawsuit where Johnson Fistel served as co-lead counsel, in which Ms. Conner helped to secure a $13.35 million class settlement, representing a significant recovery for the company. In addition, Ms. Conner was a key player in *Gerneth v. Chiasma, Inc.*, No. 1:16-cv-11082-DJC (D. Mass.), securing an $18.75 million settlement on behalf of a proposed class of investors alleging the biopharmaceutical company Chiasma, Inc. misled investors in its 2015 initial public offering about the prospects for regulatory approval of the company's drug candidate, Mycapssa, in violation of §§ 11 and 15 of the Securities Act of 1933.

On the derivative side, most recently in *In re ATI Physical Therapy, Inc. S'holder Deriv. Litig.*, Case No., 1:21-cv-06415 (N.D. Ill.), Ms. Conner helped to obtain a $6.45 million recovery for ATI Physical Therapy to resolve derivative claims and a separate $6 million recovery for a *Multiplan* subclass of investors. In *Gendrich v. Anderson et al.*, Civil Action No. CV-2020-07-2107 (Ct. of Common Pleas, Summit Cnty., Ohio) ("FirstEnergy, Inc. Derivative Litig."), where Johnson Fistel, served as co-lead counsel on behalf of the state court plaintiffs, Ms. Conner also helped to secure a historic settlement for the benefit of FirstEnergy, a company whose fiduciaries caused the Company to engage in the largest bribery and money laundering scheme in Ohio. The settlement included a cash payment to the Company of $180

million (less court-approved attorneys' fees) and substantial corporate reforms, including the agreement that six of the company's then-directors who were on the board a minimum of five years would not stand for re-election, as well as additional reforms relating to the Company's political spending and lobbying.  Ms. Conner was also instrumental in *In re: Twitter, Inc. Shareholder Derivative Litigation (n/k/a/ X)*, C.A. No. 18-062 (D. Del.), where she assisted in the recoupment of $38 million and the negotiation of robust corporate governance reforms for Twitter arising out of certain Twitter directors' and officers' alleged breaches of fiduciary duties by issuing materially false and misleading statements about Twitter's user growth and user engagement metrics.  Finally, Ms. Conner's fiduciary duty litigation experience is further highlighted by her work in negotiating a favorable settlement for her client in the *In re International Textile Group Merger Litigation*, brought by Safety Components International ("SCI") minority shareholders against WL Ross & Co., certain current and former officers and directors of International Textile Group ("ITG"), and others, arising out of the merger of ITG and SCI in which minority shareholders alleged breach of fiduciary duties by controlling shareholders.

Areas of Practice:  Ms. Conner concentrates her practice on securities and shareholder litigation and complex commercial disputes, representing businesses and individuals who have been wronged by corporate fraud, including in direct and derivative actions.

Professional Qualifications: Ms. Conner was admitted to the State Bar of Georgia in 2011 and is admitted to practice and in good standing with the following courts:

- All courts in the State of Georgia
- The United States District Court for the Northern District of Georgia
- The United States Court of Appeals for the Eleventh Circuit
- The United States District Court for the Southern District of Indiana

Ms. Conner is also a member of the following professional organizations:

- Judge Clarence Cooper American Inn of Court

Education and Awards:  Ms. Conner graduated from the University of North Carolina at Chapel Hill as a Public Service Scholar with Bachelor of Arts degrees in English and Psychology.  She received her Juris Doctor degree from the University of North Carolina School of Law with Honors in 2011, where she served on the editorial board for The North Carolina Law Review and received the Gressman-Pollitt Award for Excellence in Oral Advocacy from the Holderness Moot Court.  While in law school, Ms. Conner also served as a summer clerk to The Honorable Judge Robert J. Conrad, Jr., Chief Judge for the Western District of North Carolina.

Awards and Peer Recognition:  For her professional achievements, Ms. Conner has received multiple industry and national recognitions, including for consecutive

years 2022 through 2025 Georgia Rising Star status by *Super Lawyers*, an honor bestowed on just 2.5% of the attorneys in the State of Georgia, as well as the Martindale-Hubbell AV Preeminent peer rating—the highest possible rating in both legal ability and ethical standards based upon peer reviews—for consecutive years spanning 2019 through 2025. Ms. Conner was also recognized as a top attorney by *GaBiz* in securities litigation for 2025 and 2026. Finally, Ms. Conner was honored as a member of the General Litigation Department of the Year, awarded by *The Daily Report*, for the years 2013 and 2014. She also received the Safe Haven Award for Excellence in Pro Bono Representation in 2012.

Publications and Speaking Engagements:

"The 'Advice-of-Counsel' Defense: Cautionary Tales for Counsel in False Claims Act Cases," American Health Lawyers Association.

"Buyers Beware: The Drug Supply Chain Security Act and the False Claims Act," American Health Lawyers Association Fraud & Abuse, April 2017.

Speaker, "Responding to Governmental Civil Investigative Demands and Government Subpoenas," Clear Law Institute, February 21, 2017.

Community and Volunteer Activities: Ms. Conner remains active in legal education. She has served as an instructor at Emory University's School of Law Keissler Eidson Trial Techniques Program and as an instructor for Empire Mock Trial.

**KRISTEN O'CONNOR**

Ms. O'Connor is a partner in the San Diego office of Johnson Fistel. Prior to joining the firm, she served as Managing Counsel at a life sciences contract research organization (CRO), where she negotiated clinical trial agreements with preeminent research institutions and provided market clearance submission development and support for global medtech and pharmaceutical industry clients.

Representative Matters: Ms. O'Connor has secured numerous multi-million-dollar confidential settlements on behalf of plaintiffs in complex employment civil rights matters involving workplace harassment, discrimination, and related statutory violations, among other high-value outcomes in contested employment litigation.

Among her prominent representations, she also served in a leading capacity in *Costa v. Road Runner Sports, et al.*, Case No. 37-2020-00017100-CU-MC-CTL (Cal. Super. Ct., San Diego Cnty.), where she successfully argued and defeated summary judgment, obtained discovery sanctions, and contributed to a negotiated resolution delivering more than $50 million in aggregate value to California consumers.

She also played an active role in *Gerneth v. Chiasma, Inc.*, No. 1:16-cv-11082-DJC (D. Mass.), securing an $18.75 million settlement on behalf of a proposed class

of investors alleging that the biopharmaceutical company Chiasma, Inc. materially misled investors in its 2015 initial public offering regarding the prospects for regulatory approval of its drug candidate, Mycapssa, in violation of §§ 11 and 15 of the Securities Act of 1933.

Areas of Practice:  Ms. O'Connor has spent her litigation career representing individuals in shareholder and complex litigation, as well as a diverse clientele in federal and state employment civil rights actions for harassment and discrimination. Ms. O'Connor is an experienced first-chair trial attorney and is deeply committed to serving as a principled and aggressive advocate for workers' rights.  Ms. O'Connor has handled high-stakes civil matters at all stages, from prelitigation investigations and discovery through trial.

Professional Qualifications and Activities:  Ms. O'Connor was admitted to the State Bar of California in 2015, and is currently admitted in good standing with the following courts:

- All courts in the State of California
- The United States District Courts for the Northern, Southern, and Central Districts of California

Ms. O'Connor is also a member of the following professional organizations:

- North County Bar Association
- San Diego County Bar Association
- Lawyers Club of San Diego

Awards and Peer Recognition: Ms. O'Connor was named by Thomson Reuters' Super Lawyers as a leading San Diego, California lawyer in 2020, 2021, 2022, 2023, 2024, and 2025.  For each of those years, she was also selected by the organization as a Rising Star, a designation awarded to no more than 2.5% of attorneys in each state.

Publications and Speaking Engagements:

Speaker, "Elimination of Bias," The Association of Business Trial Lawyers, February 2017

Mock Trial Presenter, Mini-Annual Seminar on Trial Presentation, The Association of Business Trial Lawyers, January 2019

Going Solo: Harmonizing Judicial Treatment of the Work-for-Hire Preclusion to Music Copyright Termination (2014) 36 T. Jefferson L. Rev. 373

Developments in Political Spending Disclosures, THE MONITOR (Johnson Fistel, PLLP, San Diego, Cal.), Sept. 2017, at 1

*Equifax Executives Made $1.77 Million from Stock Sales While Your Data Was Stolen*, THE MONITOR (Johnson Fistel, PLLP, San Diego, Cal.), Dec. 2017, at 1

*AT&T-Time Warner: Will This Open the Merger Floodgates?* THE MONITOR (Johnson Fistel, PLLP, San Diego, Cal.), September 2018, at 3

*No-Rehire Provisions Given the Pink Slip in California,* THE MONITOR (Johnson Fistel, PLLP, San Diego, Cal.), March 2020, at 1

*Assembly Bill 9: Sexual Harassment and Discrimination Litigation in California,* THE MONITOR (Johnson Fistel, PLLP, San Diego, Cal.), Nov. 2020, at 1

*Same-Sex Harassment Under Title VII: Broadly Actionable Under Developing Jurisprudence*, THE ABTL REPORT (The Association of Business Trial Lawyers), October 2021, at 12

Education:  Ms. O'Connor holds an LL.M. degree in Securities and Financial Regulation from Georgetown University Law Center.  Ms. O'Connor received her Juris Doctor degree from the Thomas Jefferson School of Law, where she graduated *summa cum laude* and third in her class, received the CALI Award for Excellence in Legal Writing I, Legal Writing II, Civil Practice, Contracts I, Property II, Entertainment Law Transactions, and Wills and Trusts, and received the Jefferson Medal for Mediation and Negotiation.  During law school, Ms. O'Connor had the distinct honor of serving as both a faculty teaching and research assistant.  She also served as an editor for the Thomas Jefferson Law Review, where her work in intellectual property was published.

Ms. O'Connor received a Bachelor of Arts degree from California Lutheran University, where she received academic scholarships.  During her senior year, she studied Eastern European history and the Czech language as a visiting student at Charles University in Prague, Czech Republic.

Community and Volunteer Activities: Ms. O'Connor is a proud Partner in Hope at St. Jude Children's Research Hospital, part of a special group of monthly donors committed to saving children with cancer and other life-threatening diseases.

## JEFFREY A. BERENS

Jeffrey A. Berens is an accomplished securities litigator, having made a career of prosecuting violations of federal securities laws on behalf of defrauded stockholders, pursuing derivative claims under state corporate law to redress misconduct committed by corporate officers and directors, and seeking to maximize shareholder value in merger and acquisition litigation.  In addition to his securities litigation practice, Mr. Berens litigates a wide variety of other complex matters

including cases involving consumer fraud, state and federal RICO violations, antitrust claims, unfair trade practices, and employment law violations.

Between 2007 and 2016, Mr. Berens was a principal of Dyer & Berens LLP, a Colorado-based shareholder rights law firm. Prior to founding Dyer & Berens, he was an associate and later a partner in a boutique law firm which recovered hundreds of millions of dollars for aggrieved investors nationwide. Before entering law school, Mr. Berens worked as a corporate accountant, during which time he passed the Certified Public Accountant examination.

Representative Matters: Mr. Berens has successfully litigated shareholder class and derivative lawsuits against more than one hundred public and private companies including, among others, BancorpSouth, Inc. ($29.25 million recovered), Tele-Communications, Inc. ($26.5 million recovered), FirstWorld Communications, Inc. ($25.925 million recovered), Transcrypt International, Inc. (approximately $25 million recovered), Molycorp, Inc. ($20.5 million recovered), ICG Communications, Inc. ($18 million recovered), Rhythms NetConnections Inc. ($17.5 million recovered), One-Stop Wireless of America, Inc. (approximately $11 million recovered), Fidelity Management & Research Company ($7.5 million recovered), Carrier Access Corporation ($7.4 million recovered), and State Street Corporation ($6.25 million recovered). Early in his career, Mr. Berens successfully argued to the Colorado Court of Appeals that the trial court had erred in failing to allow thousands of victims of a nationwide boiler room fraud to band together and prosecute their claims in a single class action. The Court of Appeals' opinion in *Toothman v. Freeborn & Peters* established new law, making it more difficult for dishonest promoters to evade the reach of the securities laws. Mr. Berens later won entry of a $75 million summary judgment against the alleged ringleader of the scheme.

Areas of Practice: Mr. Berens devotes his practice to representing individuals, institutions, and businesses in securities fraud class action litigation and shareholder derivative litigation.

Education: Mr. Berens attended Marquette University Law School, from which he graduated *cum laude* in 1996. While at Marquette, he served as a judicial extern to the Honorable John L. Coffey of the U.S. Court of Appeals for the Seventh Circuit and was a member of the Marquette University Law Review. Mr. Berens received his undergraduate degree in business and accounting from the University of Wisconsin.

Admissions: Mr. Berens was admitted to the state bar of Wisconsin in 1996 and the state bar of Colorado in 1997. He is also admitted to practice before the U.S. District Courts for Colorado and the Eastern District of Wisconsin, the Tenth Circuit Court of Appeals, and has been admitted to practice, on a case by case basis, in various state and federal jurisdictions throughout the country.

Publications:  Mr. Berens is the author of Pleading Scienter Under The Private Securities Litigation Reform Act of 1995, which was published in *The Colorado Lawyer*.

## WILLIAM W. STONE

Mr. Stone has litigated cases in federal and state courts throughout the country and has significant experience with all aspects of trial practice and discovery, including trial preparation, factual investigation, drafting and responding to pleadings and discovery, expert discovery, depositions, motion practice, trial, and appeals.

Representative Matters:  Some of Mr. Stone's representative matters include:

- *In Re Flowers Foods, Inc. Securities Litigation*, No. 7:16-CV-00222-WLS (M.D. Ga.).  In a securities class action case alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934, Johnson Fistel's client was appointed Lead Plaintiff and the firm was appointed Co-Lead Counsel under the Private Securities Litigation Reform Act of 1995.  The complaint filed in the action alleges that defendants made false and misleading statements in connection with the Company's labor strategy.  As a result of these false and misleading statements, Flowers Foods stock traded at artificially inflated prices during the Class Period.  A $21 million class settlement became final on January 10, 2020.  At the hearing on final approval of the settlement, Judge W. Louis Sands expressed his satisfaction with the settlement and offered the following commentary: "I'd also just like to acknowledge just really the professional way you all handled this case . . . and I think it is that type of substantial work from opposing sides that I think that is what we look at a settlement that both sides of this case have been well represented and represented so the Court is satisfied that it has been in the hands of people who knew what they were doing . . . ."

- *Gerneth v. Chiasma, Inc.*, No. 1:16-cv-11082-DJC (D. Mass.).  Johnson Fistel served as co-lead counsel and represented the lead plaintiff in a securities class action alleging violations of Sections 11 and 15 of the Securities Act of 1933. The complaint alleged that defendants made false and misleading statements in connection with the company's IPO regarding the company's business and the prospects for approval of a pharmaceutical drug.  A class-wide settlement in the amount of $18.75 million was approved on June 27, 2019.

- *Glock v. FTS International, Inc., et al.*, No. 4:20-cv-03928 (S.D. Tex.).  Johnson Fistel served as co-lead counsel and represented the lead plaintiff in a securities class action alleging violations of Sections 11 and

15 of the Securities Act of 1933. A class-wide settlement in the amount of $9.875 million was approved on April 13, 2021.

- *Cobb EMC Litigation*: In 2007 and 2008, Mr. Stone prosecuted class and derivative state court claims brought by customer-members of the non-profit Cobb Electric Management Corporation ("EMC") addressing conflicts of interest, transfer of the EMC's employees and assets to a for-profit entity, improper by-laws, and breach of by-laws. The cases resulted in a recovery of over $120 million of assets, return of the employees to the EMC, revision of the by-laws, replacement of the board via elections conducted pursuant to the revised bylaws, dissolution of the for-profit entity, and the resignation of the CEO.

- *In re: Checking Account Overdraft Litigation,* No. 1:09-md-02036 (S.D. Fla.). Mr. Stone was instrumental in establishing groundbreaking consumer contract law requiring banks to order transactions and impose overdraft charges in a manner consistent with their implied duty of good faith and fair dealing, leading to over $1 billion in settlements. Reported decisions: 563 F. Supp. 2d 1358 (N.D. Ga. 2008); 694 F.Supp.2d 1302 (S.D. Fla. 2010).

- *In re Southern Company Shareholder Derivative Litigation*, No. 1:17-cv-00725-MHC (N.D. Ga.). Johnson Fistel served as Lead Counsel in this shareholder derivative action filed in the U.S. District Court for the Northern District of Georgia against certain current and former officers and directors of Southern Company for breaches of fiduciary duties, unjust enrichment, and corporate waste. After over five years of hard-fought litigation, the action settled on terms including corporate reforms valued by one expert as having the potential to contribute hundreds of millions of dollars in value to the company. In approving the settlement on June 9, 2022, U.S. District Judge Mark H. Cohen praised Johnson Fistel for its diligence and efforts in the case and described the settlement as "the product of hard-fought, arm's-length negotiations by prepared, skilled, and experienced counsel" who are "nationally recognized leaders in shareholder litigation."

- *In re GoHealth, Inc. Securities Litigation*, No. 1:20-cv-05593 (N.D. Ill.). Johnson Fistel represented several of the court-appointed lead plaintiffs in a securities class action alleging violations of §§11 and 15 of the Securities Act of 1933 arising from alleged false and misleading statements that failed to disclose a strategic business shift that GoHealth implemented prior to its initial public offering ("IPO"), resulting in a settlement and recovery of $29.25 million for the class.

<u>Areas of Practice</u>:  Mr. Stone practices complex civil litigation with a focus on securities and consumer fraud class action litigation and shareholder derivative litigation.

<u>Professional Qualifications</u>: Mr. Stone was admitted to the State Bar of Georgia in 2007.  He is currently admitted to practice before the following courts:

- The United States Court of Appeals for the Eleventh Circuit
- The United States District Courts for the Middle and Northern Districts of Georgia
- All courts in the State of Georgia

<u>Education and Awards</u>:  Mr. Stone received his Juris Doctor degree from the Georgia State University College of Law in 2007.  During law school, he received CALI Awards for Excellence in Trial Practice in Research, Writing, Advocacy, and Criminal Law, clerked for a judge, and studied for a term at Johannes Kepler University in Linz, Austria, completing courses focusing on arbitration.  Prior to law school, Mr. Stone was a legal assistant for a large law firm in Atlanta during breaks from college.  He received his Bachelor of Arts degree with Honors from the University of Georgia's Honors Program in Athens, Georgia, where Mr. Stone published his honors thesis comparing American and European antitrust enforcement. Mr. Stone was also recognized as a top attorney by GaBiz Magazine in securities litigation for 2026.

<u>Community and Volunteer Activities</u>:  Mr. Stone volunteers with the Atlanta Community Food Bank and serves on the board of his local homeowners association.

## ASSOCIATES

### SCOTT M. KOREN

Mr. Koren is an associate in the New York office of Johnson Fistel. He has substantial experience developing and litigating securities class actions and shareholder derivative suits against publicly traded companies. He has played a key role across all phases of litigation, from investigating potential new cases through settlements, representing institutional investors in numerous federal securities matters in courts nationwide. Through this work, Mr. Koren has contributed meaningfully to significant settlements totaling hundreds of millions of dollars on behalf of investors. He joins the firm after practicing for over six years at another prominent securities class action firm.

<u>Areas of Practice</u>:  Mr. Koren focuses his practice on securities class actions and shareholder derivative suits.

Professional Qualifications:  Mr. Koren was admitted to the State Bar of New York in 2020.

Education and Awards: Mr. Koren received his Juris Doctor degree from the Elisabeth Haub School of Law at Pace University. While attending law school, he competed in the National Baseball Salary Arbitration Competition, helping Pace Law earn 2nd place in 2018. Prior to law school, Mr. Koren received a Bachelor of Science in Business Management and Entrepreneurship from the University of Arizona.

### ANTHONY E. MANCE

Mr. Mance is an associate in the Atlanta office of Johnson Fistel.  Mr. Mance has been an attorney for 14 years.  He has over a decade of experience working on complex discovery and trial preparation matters on multiple high-profile shareholder derivative and securities class action cases.

Areas of Practice:  Mr. Mance focuses his practice on shareholder derivative suits and securities class actions.

Professional Qualifications: Mr. Mance was admitted to the State Bar of California in 2009.  He is currently admitted in good standing to practice in the following courts:

- All courts in the State of California

Education and Awards:  In 2009, Mr. Mance received his Juris Doctor degree from California Western School of Law.  While attending California Western, Mr. Mance was repeatedly named to the Dean's List and received two American Jurisprudence Awards in Professional Responsibility and Wrongful Conviction Seminar.  Mr. Mance also served as a law and philosophy research assistant, was a member of the International Law Society, and completed professional training in cross-cultural alternative dispute resolution.

Prior to completing his legal studies, Mr. Mance attended Purdue University where he earned a Bachelor of Arts degree in Political Science with dual minors in English and History.

### ASHLEY SCHAF

Ms. Schaf is an associate in the New York office of Johnson Fistel. She is a recent graduate of Brooklyn Law School and is admitted to the New York State Bar. During her legal studies, Ms. Schaf held legal internships with top law firms in the securities fraud litigation field. She has experience working on complex securities class action cases.

Areas of Practice:  Ms. Schaf focuses her practice on shareholder derivative suits and securities class actions.

Professional Qualifications:  Ms. Schaf was admitted to the State Bar of New York in 2025.

Education and Awards:  Prior to law school, Ms. Schaf received her Bachelor of Arts degree in Psychology from the University of Michigan. In 2024, Ms. Schaf received her Juris Doctor degree from Brooklyn Law School. While attending Brooklyn Law, she was a member of the Alternative Dispute Resolution Honor Society, during which time she competed in multiple negotiation competitions across the country.

## BRYAN I. SCHILD

Mr. Schild is an Associate Attorney in the Colorado office of Johnson Fistel. He is part of the firm's securities class action, shareholder derivative, and commercial practices, representing investors wronged through fraud and other violations of law. Mr. Schild has a wide base of knowledge and experience working across several industries including consulting, venture capital, biotech, pharmaceuticals, software, real estate, state and federal government, and consumer packaged goods.

Prior to joining Johnson Fistel, Mr. Schild served as a Judicial Extern for The Honorable Daniel D. Domenico, United States District Court Judge for the District of Colorado and as an honors law extern with the United States Securities and Exchange Commission (Division of Enforcement).

In addition to practicing law as a licensed attorney since 2024, Mr. Schild has over twelve years of business experience, which include leading business development for a tech-enabled management consulting firm in San Francisco and generating revenue for Silicon Valley tech startups. Mr. Schild also spent two years living in Tel Aviv, Israel, where he helped Israeli and Turkish startups connect with investors in over twenty countries.

Areas of Practice:  Mr. Schild focuses his law practice on complex commercial litigation, including securities class actions and shareholder derivative actions, representing investors wronged through fraud and other violations of law. Mr. Schild has a wide base of knowledge and experience working across several industries including consulting, venture capital, biotech, pharmaceuticals, software, real estate, state and federal government, and consumer packaged goods.

Professional Qualifications:  Mr. Schild was admitted to the State Bar of Colorado in 2024 and is currently admitted in good standing with the following courts:

- All courts in the State of Colorado
- The United States District Court for the District of Colorado

Mr. Schild is an active member of:

- The Colorado Bar Association business law and litigation sections
- The American Bar Association business law section
- The Minoru Yasui American Inn of Court

Education and Awards:  Mr. Schild graduated in 2024 from The University of Denver, Sturm College of Law, with a specialization certificate in corporate and commercial law. Mr. Schild was Co-President of the Jewish Law Student Association and he was Staff Editor for Denver Law's Business Law Blog, *The Race To The Bottom.*  Mr. Schild graduated *magna cum laude* from Northeastern University with a Bachelor of Science in Business Administration. Mr. Schild was Co-President of the College of Business Administration Class Council.

Publications:

- April 2024 | *Under New SEC Regulations, SPACs Will Become a Relic of History*
- November 2023 | *New FAA Rule May Clip the Wings of New Airline Competition*
- August 2023 | *Sink or Swim: Last Shot at Saving America's Oldest Craft Brewer Could Be an Employee Buyout*
- July 2023 | *Signature Bank Failed. Are More U.S. Banks Next?*

Community and Volunteer Activities:

- Board Director, Colorado-Israel Chamber of Commerce
- National New Leadership Council Member, The Development Corporation for Israel ("Israel Bonds")
- Advisory Board Member, Frankie & Myrrh

**JONATHAN M. SCOTT**

Mr. Scott is a Senior Associate in the San Diego office of Johnson Fistel.  Prior to joining the firm, Mr. Scott held internships at the California Department of Business Oversight, Enforcement Division and one of the largest plaintiff's firms in the United States specializing in securities litigation.  Mr. Scott is experienced in corporate governance and derivative stockholder litigation.  As part of his stockholder litigation practice, Mr. Scott has contributed to the recovery of significant cash payments and negotiated comprehensive corporate governance reforms on behalf of numerous publicly traded companies.

Representative Matters: Mr. Scott has made significant contributions to the following stockholder derivative actions where Johnson Fistel was appointed as Lead Counsel:  *In re Nikola Corp. Derivative Litigation* (C.A. No. 2022-0023-KSJM); *In*

*re QuantumScape Corp. Stockholder Derivative Litigation* (C.A. No. 2022-0490-JTL); and *In re Exxon Mobil Corp. Derivative Litigation* in the U.S. District Court for the Northern District of Texas, Dallas Division (Lead Case No. 3:19-cv-01067-K).

Mr. Scott's success in achieving positive corporate governance reforms on behalf of companies and their stockholders is exemplified in *In re Zuora, Inc. Derivative Litigation,* where Johnson Fistel led settlement negotiations that resulted in Zuora, Inc. implementing important corporate governance reforms, including more stringent board independence requirements, enhancements to certain board committee charters, the creation of Chief Compliance Officer and Chief Technology Officer positions, and improvements to Zuora's confidential whistleblower program.

In *Murray v. EarthLink Holdings Corp.,* No. 4:18-cv-00202-JM (E.D. Ark.) a securities class action where Johnson Fistel served as additional counsel, Mr. Scott helped secure an $85 million class-wide settlement for alleged breaches of fiduciary duty by EarthLink and Windstream insiders in connection with false and misleading statements in a proxy and registration statement issued in connection with a merger.

Further, Mr. Scott made substantial contributions in the derivative action *Smith v. Mariotti, et al.*, No. 2:22-cv-03155-WLH-PJW (C.D. Cal.), and was instrumental in securing valuable corporate governance reforms for Funko, Inc., for the benefit of the company and its stockholders.

Areas of Practice:  Mr. Scott focuses his practice on complex commercial and business litigation, securities class actions, and shareholder derivative suits.

Professional Qualifications: Mr. Scott was admitted to the State Bar of California in 2018.  He is currently admitted and in good standing to practice in the following courts:

- All courts in the State of California
- The United States District Court for the Southern District of California

Mr. Scott is a member of the following professional organizations:

- American Bar Association
- Gonzaga Alumni Association, San Diego Network
- University of Montana Alumni Association, San Diego Network

Education and Awards:  In 2018, Mr. Scott received his Juris Doctor degree from California Western School of Law, where he graduated cum laude and was awarded an honors distinction in business law.  Mr. Scott earned three American Jurisprudence awards for receiving the highest grade in the following courses: legal writing I, legal writing II, and business entity finance.  In recognition of his excellent writing skills, Mr. Scott received the 2018 National Order of the Scribes award and was further recognized as a California Western student of distinction.  Mr. Scott served as the Executive Lead Articles Editor for the California Western Law Review

and was a teaching assistant for legal writing I.  Prior to law school, Mr. Scott earned his MBA degree from Gonzaga University and his Bachelor of Science degree in Business Management from the University of Montana.

Community and Volunteer Activities: After receiving his MBA degree, Mr. Scott tutored elementary school students in math and reading in Missoula, Montana. During law school, Mr. Scott was admitted to the Public Service Honors Society.  Mr. Scott further enjoys participating in community runs to raise money for various causes, and volunteering and attending California Western Law School events.

## OF COUNSEL

### RICHARD A. NERVIG

Mr. Nervig is a tenacious litigator with practical securities industry experience obtained from working as both a Dean Witter stockbroker prior to attending law school and as a compliance attorney after graduation.  Mr. Nervig has successfully recovered in excess of $20 million dollars on behalf of his clients.

Areas of Practice: For over 23 years, Mr. Nervig's practice has focused primarily upon the representation of investors in securities litigation matters in FINRA arbitration proceedings, as well as matters in both state and federal court. Mr. Nervig is experienced handling all manner of securities sales practice claims ranging from suitability violations, churning, unauthorized trading, and fraud. Mr. Nervig is particularly adept at pursuing secondary liability claims arising from Ponzi schemes, unregistered securities sales, and anti-money laundering violations. Mr. Nervig also routinely represents creditors in bankruptcy adversary proceedings involving securities violation discharge avoidance matters pursuant to §523(a)(19) of the Bankruptcy Code.

Professional Qualifications and Activities:  Mr. Nervig is currently admitted in good standing with the following courts:

- All courts in the State of Arizona (1997)
- All courts in the State of California (2003)
- All courts in the State of Colorado (1993)
- The United States District Court for the District of Arizona
- The United States District Courts for the Southern and Central Districts of California
- The United States District Court for the District of Colorado
- The United States Court of Appeals for the Tenth Circuit

Mr. Nervig is also a member of the following organizations:

- American Bar Association (Member Sections of Business Law and Litigation)
- Denver Bar Association
- San Diego County Bar Association
- San Diego North County Bar Association
- Southwest Riverside County Bar Association
- Public Investors Arbitration Bar Association
- Arbitrator, Financial Industry Regulatory Authority (FINRA) and San Diego County Bar Association Fee Arbitration Committee
- Former Member New York Stock Exchange and National Association of Securities Dealers

Education:  Mr. Nervig received his Juris Doctor degree from the Claude W. Petit College of Law at Ohio Northern University in 1992.  He received a Bachelor of Arts degree in 1988 from the Metropolitan State University of Denver.

## **SETH SCHECHTER**

Seth Schechter has extensive experience counseling high net worth clients with specialized asset protection strategies, wealth preservation ideas, tax mitigation, and estate planning.  He has a passion for positive causes, and he loves helping clients seamlessly integrate their business, personal and philanthropic goals.

Mr. Schechter started his legal career over 20 years ago working as a Special Assistant United States Attorney in San Diego.  After spending two years defending the United States against civil actions, he spent several years at a prestigious law firm in San Diego providing estate planning services and strategizing with clients on forming the best business structures based upon a number of financial considerations to protect them from personal liability and reduce their tax obligations.

This experience led billionaire Sidney Frank, creator of the Grey Goose and Jagermeister brands, to hire Mr. Schechter as his personal lawyer and in-house counsel for Mr. Frank's enterprises.  In that role, Mr. Schechter handled virtually all of Mr. Frank's legal matters including managing his wine brand, real estate development, and the record-setting sale of Grey Goose to Bacardi for $2 billion.  Mr. Schechter has since served as general counsel for both established companies and start-ups.  In addition, Mr. Schechter has held leadership roles at large nonprofit organizations in San Diego.

Areas of Practice:  Mr. Schechter has three primary practice areas:

- Estate Planning: Mr. Schechter combines his practical knowledge and technical expertise to create effective, efficient, and tax sensitive wealth planning and asset transfer arrangements. He provides advice and guidance on trust and gift planning, estate tax mitigation, life insurance strategies, philanthropic and charitable integration, and personalized asset protection. He has counseled clients from across the wealth spectrum, including individuals, families, and business entities in planning and managing estates of varying size and complexity.

- Asset Protection: Combining his education (LLM in Taxation) and his work experience (representing clients such as billionaire Sidney Frank and other high net worth individuals), Mr. Schechter takes estate planning to the next level by ensuring that his clients' assets are insulated from litigation concerns and other potential threats. Schechter helps clients create an individualized Asset Protection Plan designed to make sure that all current and potential personal and professional risks and threats are identified.

- Business Law: Mr. Schechter has a broad range of skills and experience in the fields of commercial, corporate, and securities law. He has counseled domestic and international clients in a wide variety of transactional matters.

Education: Mr. Schechter received his Bachelor of Arts degree from Cornell University in 1990, his Juris Doctor degree from California Western in 1995, and his Master of Laws (LLM) in Taxation from the University of San Diego in 2001.

Community and Volunteer Activities: Mr. Schechter is involved with several nonprofits, including the Jackson Hole Technology Partnership and the Surfrider Foundation.

## RALPH M. STONE

Ralph M. Stone is recognized as a leading lawyer in the securities litigation, investor rights, and international discovery fields. He has represented public and private companies, hedge funds, and other institutional investors in a wide variety of commercial litigation in courts around the country and in FINRA and American Arbitration Association arbitrations, on creditor committees in international bankruptcies, and in various other forums. He actively represents and advises private banks and other non-U.S. institutions in major securities litigation, and he regularly represents and advises them in various hedge fund disputes and matters arising from collapsed funds. He also represents securities industry whistleblowers before the SEC and CFTC, helping whistleblowers maintain their anonymity in presenting tips and helping them to secure financial awards as a result of their whistleblowing.

<u>Prior Experience</u>: From 1990 to 1992, Mr. Stone was associated with the international law firm Mayer, Brown & Platt, where he was involved in a variety of commercial litigation.  He was an associate at the law firm of Milberg Weiss from 1992 until 1997.  At Milberg Weiss, he focused on the representation of investors and consumers in litigation involving the federal securities laws, consumer fraud statutes, and the fiduciary obligations of corporate officers and directors.  From 1997 through 2018, Mr. Stone was a partner at the firm of Shalov Stone & Bonner LLP, which he co-founded, and which later became Stone Bonner & Rocco LLP.

<u>Representative Matters</u>: Mr. Stone has been involved in a large number of mass actions, collective actions, and class actions.  Among other achievements, Mr. Stone obtained the first-ever class certification against a foreign government in Urban GmbH v. Republic of Argentina, in which he represented holders of defaulted Republic of Argentina bonds.  He has represented a group of more than 100 bondholders of an Uruguayan bank in claims against the bank's former directors who reside in New York. Also, he has represented high-profile hedge funds as well as European and Asian funds in major securities fraud actions.

The significant securities class actions in which he has played a principal role as one of the lead counsel include: *In re Winstar Communications Inc. Securities Litigation* (S.D.N.Y.) (over $40 million in recoveries, including a substantial recovery secured in connection with the pursuit of innovative claims brought against a business partner of a securities issuer); *In re Baan Company Securities Litigation* (D.D.C.) (settlement with bankrupt Dutch software company and its executives totaling $32 million, which amounted to nearly all of the damages claimed by class members); *In re TEAM Communications Securities Litigation* (C.D. Cal.) (settlement with bankrupt American television licensing company predominantly traded on a German stock exchange and its executives totaling $12.5 million); *In re Crayfish Inc. Securities Litigation* (S.D.N.Y.) (recoveries from Japanese software company and its executives totaling $9 million); *In re Intershop Communications AG Securities Litigation* (N.D. Cal.) (recovery of more than $3 million from bankrupt German software company and its executives); *In re Workstream, Inc., Securities Litigation* (recovery of $3.9 million); *Cooper v. CPS Systems, Inc.* (N.D. Tex.) (recovery of $3.44 million); *In re Mitcham Industries Securities Litigation* (S.D. Tex.) (recovery of $2.7 million); *Yuan v. Bayard Drilling Technologies, Inc.* (W.D. Okla.) (recovery of $3.1 million); and *Varljen v. H.J. Meyers & Co., Inc.* (S.D.N.Y.) (recovery of more than $5 million).

Mr. Stone has also served as lead class counsel on behalf of participants in certain companies' retirement plans in a number of ERISA class actions, including: *In re Ferro Corp. ERISA Litigation* (N.D. Ohio) (recovery of $4 million for retirement plan participants); *In re Comerica, Inc. ERISA Litigation* (E.D. Mich.) (recovery of $2.2 million for plan participants).

He also has been involved in a wide variety of securities arbitrations and other commercial cases relating to the securities industry. He has represented a listed company in a dispute with an investment banking firm before the American Arbitration Association and has represented investors with fraud, suitability, and deceptive practice claims against both electronic brokerage firms and traditional brokerages in FINRA arbitrations.

He has, on several occasions, served as a court-appointed receiver or fiduciary to protect and distribute funds in various insider-trading disgorgement and other cases brought by the SEC.

In addition to the wide variety of matters relating to securities and financial services, Mr. Stone has also played an active role representing victims of terrorism, including participating in the *Linde v. Arab Bank Litigation* (E.D.N.Y.) on behalf of victims of terrorism who obtained the first verdict ever against a financial institution for providing material support to a terrorist organization's attacks on Americans, and participating in briefing in connection with various actions seeking to enforce terrorism-based judgments against Iran, including in *Peterson v. Bank Markazi*, which resulted in a recovery of over $1.8 billion for victims of the 1983 Marine Barracks bombing in Beirut, Lebanon.

Mr. Stone has actively litigated consumer protection class actions in courts around the country. For example, he played a principal role as lead counsel in *In re Cablevision Consumer Litigation* (E.D.N.Y.), recovering benefits of more than $28 million for cable TV subscribers who were denied access to certain Fox network-affiliated channels during a 2010 carriage dispute between Cablevision and News Corp., and *Health Science Products LLC v. Sage Software SB, Inc.* (N.D. Ga.), recovering $5.5 million on behalf of a class asserting that software was buggy and defective. He has also served as a lead counsel and made substantial recoveries for classes in many consumer protection cases, including in cases alleging that various finance charges imposed by banks, credit card companies, and other lenders are deceptive or unfair, electronics products were defective, software was defective or invasive of privacy rights, sports memorabilia products were not genuine as represented, insurance products were improperly or deceptively marketed, and that insurance contracts were breached.

Mr. Stone's reported decisions include: *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76 (2d Cir. 2012); *In re Cablevision Consumer Litigation*, 864 F.Supp.2d 258 (E.D.N.Y. 2012); *In re Ferro Corp. ERISA Litigation*, 422 F.Supp.2d 850 (N.D. Ohio 2006); *In re Baan Company Securities Litigation*, 245 F.Supp.2d 117 (D.D.C. 2003); *Macomber v. Travelers Property and Casualty Co.*, 261 Conn. 620 (Conn. 2002); *In re Baan Company Securities Litigation*, 81 F.Supp.2d 75 (D.D.C. 2000); *Milman v. Box Hill Systems Corp.*, 72 F.Supp.2d 220 (S.D.N.Y. 1999); *Varljen v. H.J. Meyers & Co.,* [1998 Transfer Binder] Fed. Sec. L. Rep. (CCH) & 90,259 (S.D.N.Y. 1998); *Saddle Rock Partners, Ltd. v. Hiatt*, [1996.97

Transfer Binder] Fed. Sec. L. Rep. (CCH) & 99,413 (W.D. Tenn. 1996); and *Sikes v. American Telephone & Telegraph Co.*, 841 F. Supp. 1572 (S.D. Ga. 1993).

Areas of Practice:  Mr. Stone's practice focuses on complex litigation, investor rights, and whistleblower protection.  Mr. Stone has extensive experience in all aspects of complex civil litigation and securities and consumer fraud class actions.

Professional Qualifications and Activities:  Mr. Stone was admitted to the Bar of the State of New York in 1991.  He is currently admitted in good standing with the following courts:

- The Supreme Court of the United States of America
- All New York State courts
- The United States Courts of Appeals for the Second, Fifth, Sixth and Eleventh Circuits
- The United States District Courts for the Southern and Eastern Districts of New York

Mr. Stone is currently, or has been previously, a member of the following professional organizations:

- American Bar Association (ABA)
- Association of the Bar of the City of New York (ABCNY)
- Former Secretary, Consumer Affairs Committee
- Public Investors Advocate Bar Association (PIABA)

Awards and Peer Recognition:

Martindale-Hubbell:  Martindale-Hubbell Peer Review Ratings, the gold standard in attorney ratings, have recognized lawyers for their strong legal ability and high ethical standards for more than a century.  Mr. Stone has an AV rating which is awarded to only those lawyers with the highest ethical standards and professional ability, as established by confidential opinions from members of the Bar.

Super Lawyers: Mr. Stone is recognized as a Super Lawyer in Securities Litigation.  Thomson Reuters awards this recognition to the top 5% of attorneys who have obtained a high-level of professional achievement and are highly regarded by their peers.

Education:  Mr. Stone received his Juris Doctor degree from the University of Texas School of Law in 1990, where he was an editor of The Review of Litigation. He received an A.B. in Philosophy from Columbia College, Columbia University in 1987.

Publications:  Contributor of chapter "United States" in Shareholder Claims (Jordans 2012), describing U.S. law relating to investor and shareholder rights.

# SELECTED EXAMPLES OF REPRESENTATIVE MATTERS

Johnson Fistel aggressively pursues complex litigation matters for both plaintiffs and defendants on an hourly or contingency fee basis depending upon the circumstances of the matter. Below are just a few of the cases the firm has undertaken. To respect the privacy of some of the firm's clients who prefer we do not mention their names involved in litigation and to honor confidentiality provisions in certain settlement agreements, some of the matters are described below without identifying the parties' names.

## *Business and Commercial Litigation*

- *John Doe v. Doe Hedge Fund* (Cal. Super. Ct. San Diego Cnty.). Johnson Fistel defended one of the world's most successful hedge funds and its manager against meritless claims of fraud. After aggressively defending the matter, the plaintiff accepted a nuisance value settlement that was less than the cost of defense.

- *Doe Shipping Company v. John Doe* (Cal. Super. Ct. San Diego Cnty.)*. A national shipping company retained Johnson Fistel after a former employee left the company with customer lists, other employees, and other confidential information. Johnson Fistel filed a complaint alleging claims for fraud, breach of contract, and misappropriation of trade secrets, among others. After a series of depositions and the threat of putting the defendants out of business, Johnson Fistel assisted the company in obtaining a resolution that restricted the former employee from doing business with certain of the company's clients, protected the company's trade secrets, and provided for a significant monetary payment to the company.

- *International Real Estate PLC v. Oaktree Capital Management, LLC*, Case No. BC 324973 (Cal. Super. Ct. Los Angeles Cnty.). International Real Estate (a public company with shares listed on the London Stock Exchange) retained Johnson Fistel to pursue claims for breach of fiduciary duty against former directors of a joint venture company. That case involved alleged damages of approximately $20 million, and after years of aggressive litigation and a mediation, ultimately settled on favorable terms to International Real Estate. *See* testimonial from the firm's client, Rolf L. Nordstrom, under Testimonials.

- *Liebsohn, et al. v. Augme Technologies, Inc., et al.*, Case No. 13-2-40007-3 SEA (Wash. Super. Ct. King Cnty.). Johnson Fistel represented a group of 47 high net worth investors who were defrauded into trading their stock in a privately-held company for stock in a publicly-traded

company.  After defeating several motions to dismiss and a petition for discretionary review by the Washington Court of Appeals, Johnson Fistel obtained a highly-favorable confidential settlement from the defendants' insurance carrier on February 2, 2016.

## Trials & Arbitrations

- *DCI Solutions v. Urban Outfitters*, (S.D. Cal). Johnson Fistel represented a small local consulting firm in a case against one of the nation's largest clothing retailers in a matter that would have forced the company into bankruptcy if it lost.  Following a week-long trial in federal court, the jury returned a verdict rejecting the retailer's $1.5 million damage claim in its entirety.  Johnson Fistel also prevailed on all of Urban Outfitter's post-trial motions.  *See* testimonial from the firm's client, James Baker, under Testimonials.

- *Healthy Life Marketing, LLC, et al. v. Jaime Brenkus' Sound Body, Inc.*, Case No. GIC822927 (Cal. Super. Ct. San Diego Cnty.).  On behalf of a marketing firm, Johnson Fistel pursued claims for breach of contract and fraud against the manufacturer of a weight loss product.  After a week-long jury trial, the jury returned a seven-figure verdict in favor of J Johnson Fistel's client, including actual and punitive damages.  *See* Noteworthy Success Stories and testimonials from the firm's client, Ronald T. Fricke, and the firm's co-counsel Gerald J. Stubenhofer, Esq. under Testimonials.

- *Mary Joe v. Jane Doe* (Cal. Super. Ct. San Diego Cnty.).  Johnson Fistel represented the minority shareholder of a small family corporation to pursue claims against the other shareholders who wasted millions of dollars of corporate assets by using those assets to pay for their personal expenses.  The client retained Johnson Fistel to substitute into the case just two months before trial.  On day four of a five-day trial, defendants agreed to settle the case.

- *Timeshare Resale Alliance v. Fleming, et al.*, (San Diego Cnty. Arbitration).  Johnson Fistel successfully defended a real-estate broker accused of stealing her former employer's alleged trade secrets. Following a week-long arbitration, the arbitrator issued an order completely exonerating Johnson Fistel's client.

## Shareholder Derivative Actions

- *In re 3D Sys. Corp. Deriv. Litig.*, Lead Case No. 0:15-cv-03756-MGL (D.S.C.).  Johnson Fistel, as Co-Lead Counsel, served as lead negotiator in this multi-jurisdictional shareholder derivative litigation alleging, among other things, that between 2008 and 2015, 3D Systems acquired over 40 companies at a cost of over $700 million, without: (i) conducting

adequate due diligence to confirm the value of their offerings; (ii) devoting the management systems or supervisory resources necessary to properly integrate operations and establish internal controls over accounting and financial reporting; or (iii) building out sufficient manufacturing capacity to leverage the acquisitions and meet the then-CEO's aggressive sales and revenue projections.  The Complaint also alleged that certain of the Company's executives and directors engaged in insider selling while the price of the Company's stock was artificially-inflated.  Johnson Fistel successfully negotiated a significant corporate reform package calling for, among other things, an independent chairperson of the board, director term limits, enhancements to director independence and compliance functions, and the establishment of disclosure and merger and acquisition working groups.

- *In re ATI Physical Therapy, Inc. Shareholder Derivative Litigation*, Lead Case No. 1:21-cv-6415 (N.D. Ill.).  Johnson Fistel, as court appointed co-lead counsel in a consolidated stockholder direct and derivative action, helped to secure a $12.45 million combined recovery on behalf of ATI Physical Therapy, Inc. ("ATI" or the "Company") and similarly situated investors in ATI. The operative complaint asserted direct and derivative claims for breaches of fiduciary duty; a direct claim for unjust enrichment; and derivative claims for aiding and abetting, contribution and indemnification, and violations of §§ 10(b), 14(a), and 21D of the Securities Exchange Act of 1934.

- *Bagot v. Bracken, et al.*, Case No. 11C5133 (Tenn. Cir. Ct., 6th Cir.). Johnson Fistel was appointed Lead Counsel in this shareholder derivative action against certain current and former officers and directors of HCA Holdings, Inc., the largest private hospital chain in the country. The parties litigated the action for more than four years and attended multiple mediations, after which Johnson Fistel secured an extremely favorable settlement for HCA and its shareholders, including a payment of $19 million to HCA, the appointment of a new independent director, and implementation of significant corporate therapeutics.  *See* Noteworthy Success Stories.

- *In re Brocade Communications, Systems, Inc. Derivative Litigation*, Case No. 1:05cv41683 (Cal. Super. Ct. Santa Clara Cnty.).  Johnson Fistel was initially appointed Co-Lead Counsel in state court in one of the highest-profile options backdating cases in the country.  Johnson Fistel helped prevent an inadequate settlement of a related federal action from being approved, which would have released the officers, directors, and agents of the company responsible for the criminal backdating scheme which would have resulted in no money to the company and only a payment of attorney's fees for the lawyers in that case.  Brocade then formed a

Special Litigation Committee and retained Johnson Fistel as co-counsel to assist in litigating claims against ten former officers and directors of the company.  After years of litigation, over $24 million was recovered for Brocade.  *See* Noteworthy Success Stories.

- *In re CoreCivic, Inc. Shareholder Derivative Litigation*, Lead Case No. 3:16-cv-03040 (M.D. Tenn.).  Johnson Fistel was appointed Co-Lead Counsel in a shareholder derivative action brought on behalf of CoreCivic, Inc. alleging, among other things, that certain officers and directors of CoreCivic violated federal and state law by making false and misleading statements to investors concerning CoreCivic's history of quality, savings, and compliance at Federal Bureau of Prisons facilities, causing its common stock to be traded at artificially inflated levels.  Following six years of litigation, Johnson Fistel as co-lead counsel was able to negotiate a global resolution of this multi-jurisdictional litigation whereby the Company would adopt for a period of no less than four years significant operational and board-level reforms related to the Company's staffing policies and procedures, inmate safety and security policies and procedures, and healthcare services policies and procedures; improves risk and compliance controls and oversight; improves disclosure procedures and controls designed to ensure Board- and appropriate management-level oversight and the issuance of timely and accurate SEC filings, press releases, and other public disclosures; enhances Board independence requirements to ensure effective and disinterested decision-making and oversight by the Board; improves the Company's Whistleblower and Recoupment Policies; and overall increases transparency concerning the Company's corporate governance, policies, practices, and procedures.  In approving the settlement, The Hon. Aleta A. Trauger stated that she was "impressed with the overall settlement terms" and that she knew the negotiations were "hard fought."

- *Dutrisac v. Sanghi et al.*, CV2021- 012459 (Sup. Ct. Maricopa Cnty.).  Johnson Fistel served as lead counsel in this shareholder derivative litigation brought on behalf of Microchip Technology, Inc.  The consolidated litigation alleged that these directors and officers breached their fiduciary duties owed to Microchip and its stockholders by issuing materially false and misleading statements regarding the operations and financial performance of Microsemi Corporation, a computer chip manufacturer Microchip acquired for $10.15 billion, and as to certain of the individually named defendants, by trading on material, adverse information related to the Company's business operations, thereby causing the company substantial economic harm.  Johnson Fistel, along with co-counsel, negotiated a payment to the Company by its insurers in the amount of $4 million, as well as the implementation of critical corporate governance enhancements, to be maintained for a period of

five years, including: (i) enhancements to a management-level Disclosure Committee; (ii) acquisition oversight reforms; (iii) enhancements to the duties and responsibilities of the Audit Committee; (iv) the appointment of a Chief Compliance Officer; (v) the establishment of director term limits; (vi) the establishment of a lead independent director role; (vii) enhancements to director independence; and (viii) the establishment of a Board self-evaluation procedure.

- *Gendrich v. Anderson et al.*, Civil Action No. CV-2020-07-2107 (Ct. of Common Pleas, Summit Cnty., Ohio) (FirstEnergy, Inc. Derivative Litig.).   Johnson Fistel was appointed as Co-Lead Counsel in this shareholder derivative litigation brought on behalf of FirstEnergy, Inc. The case arose out of what the United States Attorney for the Southern District of Ohio described as "likely the largest bribery, money laundering scheme ever perpetrated against the people of the state of Ohio."  Johnson Fistel served as lead negotiator on behalf of the state court  derivative action and helped achieve a historic settlement on behalf of FirstEnergy which included a cash payment to the Company of $180 million (less  court-approved attorneys' fees) and substantial corporate reforms including the agreement that six of the company's then directors who were on the board a minimum of five years would not stand for re-election to the board as well as additional reforms relating to the Company's political spending and lobbying.

- *In re HD Supply Holdings, Inc. Derivative Litigation*, Lead Case No. 1:17-cv-02977-MLB (N.D. Ga.).  Johnson Fistel was appointed Co-Lead Counsel in a stockholder derivative action brought on behalf of HD Supply alleging, among other things, that certain executives and directors of HD Supply violated federal and state law by making false and misleading statements to investors, thereby artificially inflating the stock price.  The complaint filed in the action also alleges that while the price of HD Supply stock was artificially inflated, certain corporate insiders engaged in unlawful insider trading of their personally-held HD Supply stock holdings.  In its role as Co-Lead Counsel, Johnson Fistel helped to secure a settlement which provided HD Supply with significant benefits, including helping to preserve tens of millions of dollars in corporate assets in connection with the company's settlement of a related securities class action that was funded exclusively by insurance proceeds rather than corporate funds, as well as causing the adoption of important corporate reforms, including reforms to the company's insider trading policy.

- *In re Heelys Inc. Derivative Litigation*, Case No. 07-CV-1682 (N.D. Tex.).  Johnson Fistel's predecessor firm was appointed Co-Lead Counsel in this shareholder derivative action filed against current and

former officers and directors of Heelys Inc.    After prevailing on defendants' motion to dismiss, and more than a year of litigation including multiple mediations, this matter settled on terms that required the implementation of significant corporate therapeutic changes that benefitted the company and its shareholders for years to come.  *See* testimonial from the Honorable Ed Kinkeade under Testimonials.

- *In re MannKind Corporation Derivative Litigation*, Lead Case No. 11-cv-05003-GAF-SSx (C.D. Cal.).  Johnson Fistel was appointed sole Lead Counsel in this shareholder derivative action filed against current and former officers and directors of MannKind, alleging that the defendants had misled shareholders about the FDA approval process for MannKind's core product.  After more than two years of litigation and a mediation, this matter settled on terms that required the implementation of significant corporate therapeutic changes, including the creation of a new Board-level Disclosure & Controls Committee and significant enhancements to financial reporting requirements.

- *In re Motorola, Inc. Derivative Litigation*, Case No. 07CH23297 (Ill. Cir. Ct. Cook Cnty.). Johnson Fistel was appointed Co-Lead Counsel in a shareholder derivative action filed against current and former officers and directors of Motorola, Inc.  The derivative claims charged certain officers with making misrepresentations about the company's financial statements and prospects of success in order to artificially inflate the company's stock price while they personally sold shares and while causing the company to simultaneously purchase shares on the open market.  After six years of hard-fought litigation, the action settled on terms that required the implementation of significant corporate therapeutic changes throughout the company—changes that were valued by one expert at over $1 billion.  *See* Noteworthy Success Stories.

- *Orrego & Kim v. Lefkosky, et al.*, Case No.: 12 CH 12420 (Consolidated with 12 CH 19431)  (Ill. Cir. Ct., Cook Cnty., Ch. Div.) (*Groupon, Inc. Derivative Litigation*).  Johnson Fistel, serving as Co-Lead Counsel, negotiated a settlement which included extensive and detailed measures designed to improve corporate governance at Groupon and restore and maintain investor confidence in the Company.  Groupon's Board of Directors agreed to implement these sweeping corporate governance reforms designed to improve decision-making and legal-regulatory compliance in the critical areas of accounting and financial disclosure, earnings guidance, and committee oversight at the company.

- *In re Powerwave Technologies, Inc.*, Case No. 13-10134 (MFW) (Bankr. D. Del.). On behalf of a shareholder client, Johnson Fistel filed a shareholder derivative action in a California Superior Court alleging that certain of Powerwave's officers and directors had affirmatively engaged in improper accounting to conceal the company's true financial condition. Shortly after filing this action, Powerwave filed for bankruptcy and the U.S. Bankruptcy Court appointed a Chapter 7 Trustee. The Bankruptcy Court appointed Johnson Fistel as special counsel to represent the Trustee to prosecute these claims as assets of the estate. After nearly two years of litigation, Johnson Fistel secured a settlement that included payment of $5.5 million for the benefit of the estate in bankruptcy.

- *In re RH Shareholder Derivative Litigation*, No. 4:18-cv-02452-YGR (N.D. Cal). Johnson Fistel was appointed Lead Counsel in a shareholder derivative action brought on behalf of RH, Inc. alleging, among other things, that certain officers and directors of RH violated federal and state laws by making false and misleading statements concerning RH's business operations, financial condition, and growth prospects, as well as that certain defendants engaged in improper insider trading. On RH's behalf, Johnson Fistel negotiated sweeping and innovative corporate governance reforms to benefit the company, including installation of a new Chief Compliance Officer and adoption of a Disclosure Committee Charter. *See* Noteworthy Success Stories and testimonial from the Honorable Yvonne Gonzalez Rogers under Testimonials.

- *Rubin v. Reinhard*, Case No. 37-2008-00091039-CU-NP-CTL (Cal. Super. Ct. San Diego Cnty.). Johnson Fistel was sole Lead Counsel in this derivative lawsuit. After the company filed a petition for relief under Chapter 7 of the Bankruptcy Code, the Bankruptcy Trustee retained Johnson Fistel as special litigation counsel to prosecute claims for breach of fiduciary duty against certain officers and directors. After several years of hard-fought litigation, the Estate in Bankruptcy settled recovering $3 million. In approving the settlement, the Bankruptcy Court judge remarked: "The Court thanks [Johnson Fistel] for its outstanding work on behalf of the Chapter 7 Trustee and the Estate." *See* full testimonial from the Honorable Laura S. Taylor under Testimonials.

- *In re Southern Company Shareholder Derivative Litigation*, No. 1:17-cv-00725-MHC (N.D. Ga.). Johnson Fistel served as Lead Counsel in this shareholder derivative action filed in the U.S. District Court for the Northern District of Georgia against certain current and former officers and directors of Southern Company for breaches of fiduciary duties, unjust enrichment, and corporate waste. After over five years of hard-fought litigation, the action settled on terms including corporate reforms

valued by one expert as having the potential to contribute hundreds of millions of dollars in value to the company. In approving the settlement on June 9, 2022, U.S. District Judge Mark H. Cohen praised Johnson Fistel for its diligence and efforts in the case and described the settlement as "the product of hard-fought, arm's-length negotiations by prepared, skilled, and experienced counsel" who are "nationally recognized leaders in shareholder litigation."

- *In re: Twitter, Inc. Shareholder Derivative Litigation (n/k/a X),* C.A. No. 18-062 (D. Del.). Johnson Fistel was appointed Co-Lead Counsel in a shareholder derivative action brought on behalf Twitter, Inc., alleging, among other things, that certain officers and directors of Twitter caused the company to make false and misleading statements concerning the metrics used by the company to measure user growth and engagement, causing its common stock to be traded at artificially inflated levels. In addition, the complaint filed in the action alleges that while the price of Twitter stock was artificially inflated, certain corporate insiders engaged in unlawful insider trading, unloading approximately $281 million worth of their personally-held Twitter stock holdings. In its role as Co-Lead Counsel, Johnson Fistel helped to secure $38 million for the company and successfully negotiated robust governance reforms tailored to address and prevent the reoccurrence of directors and officers of Twitter from issuing materially false and misleading statements about the company's user growth and user engagement prospects. *See* Noteworthy Success Stories and full testimonial from the firm's client, Jim Porter, under Testimonials.

- *Weitzman v. Ullman, et al.,* Civ. No. 4:13-cv-00585 (E.D. Tex.) (J.C. Penney Company, Inc. Derivative Litigation). In its role as Lead Counsel, and after almost five years of litigation and nearly two years of protracted settlement negotiations, Johnson Fistel was able to secure a settlement that provided for a series of material reforms to JCPenney's corporate governance systems, which were designed to strengthen the Company's internal control functions and board accountability, and ultimately prevent the recurrence of the events that led to the alleged harm to the company and the filing of the derivative lawsuit.

## Corporate Takeover Litigation

- *Azar v. Blount International, Inc., et al.,* No. 3:16-CV-00483-SI (D. Or.). Johnson Fistel was appointed as Co-Lead Counsel in a case arising out of the 2016 acquisition of Blount International Inc. by a group comprised of a private equity firm, Blount's largest stockholder, and two Blount insiders. The plaintiffs allege, among other things, that the proxy statement Blount disseminated in connection with the deal failed to

disclose a set of financial projections that best reflected Blount's long-term prospects and, instead, disclosed only later, artificially reduced projections. The plaintiffs allege that misleading proxy statement tainted the stockholder approval of the merger, and they are seeking an unspecified amount of monetary damages. This matter recently settled resulting in millions of dollars in additional consideration for Blount's shareholders and is pending final approval.

- *Englehart v. Brown*, Case No. 13-2-33726-6-KNT (Wash. Super. Ct. King Cnty.). Johnson Fistel was appointed as Co-Lead Counsel in a case arising out of the 2014 acquisition of Flow by American Industrial Partners which resulted in a $12.75 million settlement, believed to be the largest recovery ever obtained in a class action challenging the price of a merger or acquisition of a public company in a Washington court. *See* Noteworthy Success Stories.

- *Goldstein v. Denner*, Case No. 2020-1061 (Del. Ch.). Johnson Fistel serves as additional counsel in a securities class action involving allegations that former officers and directors of Bioverativ breached their fiduciary duties in the sale of Bioverativ to Sanofi S.A. in 2018. The settling defendants agreed to have $84 million paid to former Bioverativ shareholders in exchange for dismissal of claims that those defendants failed to maximize the value of Bioverativ in the sale. The court approved the partial settlement on September 13, 2023. The court also previously upheld, at the pleading stage, claims that Bioverativ director Alexander Denner and his hedge fund, Sarissa Capital, engaged in insider trading in violation of Delaware law by trading on material non-public information about Sanofi's desire to buy the company. Johnson Fistel, together with lead counsel, is continuing to litigate those claims, seeking disgorgement of Denner's and Sarissa Capital's substantial ill-gotten profits plus interest. Trial on those claims is scheduled for April 2024. "We are pleased to deliver this substantial result for Bioverativ shareholders, and we look forward to holding Dr. Denner and Sarissa accountable at trial," said lead plaintiff Dr. Stewart N. Goldstein, M.D., an investor and physician in California.

- *Morrison et al. v. Berry et al.,* (The Fresh Market) Case No. 12808, (Del. Ch.). Johnson Fistel helped obtain $27.5 million for shareholders in a class action over the 2016 $1.4 billion take-private sale of specialty grocery chain Fresh Market to Apollo Global Management LLC. Plaintiffs accused Fresh Market's former CEO and Chairman, of acting disloyally in concealing his private communications on terms of Fresh Market's sale to Apollo, along with the rollover of his equity as part of the deal. Fresh Market's former President and CEO, and former Chief Legal Officer and Senior Vice President, were accused of fiduciary duty

breaches and were also parties to the settlement. Johnson Fistel litigated alongside fellow class attorneys in opposition to the defendants' multiple attempts to dismiss the suit. Efforts by class counsel helped secure an appeal to and reversal by the Delaware Supreme Court in 2018 of the lower court's granting of the first motion to dismiss in which the high court agreed with the plaintiffs that the defendant had disclosure deficiencies in its Schedule 14D-9 and was effectively misleading as a result, only to face yet another motion to dismiss by the defendants on remand. Vice Chancellor Sam Glasscock III, who watched the parties exchange blows both times the suit came through the Court of Chancery, described the case as full of "extraordinarily heavy [and] hard-fought litigation." For example, class attorneys fought for and subsequently analyzed some 286,000 documents in total, amounting to roughly 1.5 million pages, before arriving at the $27.5 million settlement through mediation. Vice Chancellor Glasscock , evidently impressed by the resounding outcome of the novel post-closing damages deal case, described the settlement amount as an "excellent result" for the shareholders, stating that the additional payout of $0.75 per share was over half of what was potentially achievable in additional merger consideration.

- *Murray v. EarthLink Holdings Corp.*, No. 4:18-cv-00202-JM (E.D. Ark.). Johnson Fistel played a key role in securing an $85 million recovery in a federal mergers and acquisitions securities class action. The lawsuit targeted former and current officers and directors of EarthLink and Windstream for breach of fiduciary duty. The complaint alleged that EarthLink, Windstream, and certain insiders from both companies made false and misleading statements in a proxy and registration statement sent to shareholders in connection with a merger between EarthLink and Windstream. The statements made in the proxy/registration statement portrayed Windstream as a financially stable company with strong business prospects and a reliable dividend. However, in truth Windstream's business was based on an unsustainable foundation, its financial health was deteriorating, and its dividend was unstable and at risk of being eliminated. As a result of these misleading statements, EarthLink shareholders approved the merger and received Windstream stock in exchange for their EarthLink shares, which then ultimately became worthless. Specifically, shortly after the merger closed, Windstream's stock began to sharply decline, and just two years later, Windstream filed for Chapter 11 bankruptcy. In the aftermath, all Windstream common stock, including the shares received from the merger by the plaintiff, was declared "cancelled, discharged, and of no force and effect." The case was particularly complex and survived Windstream's bankruptcy reorganization, which occurred during the litigation.

- *In re the Titan Corp. Derivative Litigation*, Case No. GIC 832018 (Cal.

Super. Ct. San Diego Cnty.).  Johnson Fistel was appointed Co-Lead Counsel in a derivative lawsuit that involved claims against the officers and directors of Titan Corporation for breach of fiduciary duty.  During the pendency of the litigation, Titan announced that it would be acquired, in a deal that would have undervalued the Company's worth, harming its stockholders being cashed out by the deal.  To prevent this from happening, Johnson Fistel quickly coordinated with counsel in a related derivative action pending in Delaware Chancery Court to negotiate a settlement that resulted in $29 million in increased consideration to Titan's shareholders in connection with the all-cash merger acquisition. *See* Noteworthy Success Stories.

### *Securities Class Actions*

- *In re American Realty Capital Properties, Inc. Litigation*, Case 1:15-mc-00040-AKH (S.D.N.Y.).  Johnson Fistel represented one of the class representatives in a securities fraud class action arising from the allegedly shady accounting practices at the real estate business formerly known American Realty Capital Partners (now known as Vereit Inc.).  The case, which spanned five years of hard-fought litigation, was resolved in 2019 in a deal that saw Vereit pay $738.5 million into a common fund for the investor class, while other defendants, including AR Capital and former ARCP CEO Nicholas Schorsch, would be responsible for $225 million.  Former manager Grant Thornton would pay $49 million, and former CFO Brian Block would pay $12.5 million, for a total recovery to the investor class of $1.025 billion.  The settlement was approved by the court on January 4, 2020.

- *Benson v. D-Market Elektronik Hizmetler ve Ticaret Anonim Sirketi et al.*, Index No. 655701/2021 (N.Y. Sup. Ct. New York Cnty.).  Johnson Fistel served as Co-Lead Counsel in a securities class action alleging violations of §§11 and 15 of the Securities Act of 1933.  The complaint alleges that Defendants violated the Securities Act of 1933 by making materially false and misleading statements, as well as failing to disclose material information that was required to be disclosed, in the Company's Registration Statement for its IPO.  Specifically, Plaintiffs alleged that Defendants failed to disclose material information regarding (i) Hepsiburada's substantial slowdown in growth in 2Q21, i.e., before the IPO; (ii) the negative impact to Hepsiburada's business and operations as of the IPO caused by Turkey's easing of COVID-19 lockdown restrictions, particularly the weekday reopening of marketplaces and shopping malls in May 2021; and (iii) Hepsiburada's need to make significant investments and customer discounts prior to the IPO to offset these negative developments.  As a result, the complaint alleged that Plaintiff and the Class suffered damages in connection with

their purchases of publicly traded Hepsiburada American Depository Shares ("ADSs" or "shares") sold in the IPO. The case was resolved on a class-wide basis for $13.9 million, which was approved on August 1, 2023.

- *Crystal v. Medbox, Inc., et al.*, No. 2:15-cv-00426-BRO-JEM (C.D. Cal.). Johnson Fistel served as Lead Counsel and represented the Lead Plaintiffs in a securities class action alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934. The complaint alleged that defendants made numerous and repeated false and misleading statements concerning Medbox's accounting, finances, internal controls, business, prospects, and outlook throughout the Class Period. A class-wide settlement in the amount of $1.850 million in cash and 2.3 million shares of company stock was approved on May 2, 2018.

- *Desrocher v. Covisint Corporation, et al.*, Case No. 1:14-CV-03878-AKH (S.D.N.Y.). In a case alleging violations of §§11 and 15 of the Securities Act of 1933, the Court appointed Johnson Fistel Co-Lead Counsel and certified the firm as Co-Lead Class Counsel. The class action complaint alleged that there were misrepresentations or omissions in documents filed with the SEC in connection with the company's IPO. Under the settlement, defendants agreed to create an $8 million common fund to compensate Covisint stockholders who were harmed by the alleged misrepresentations or omissions, which amount represented a substantial percentage of the maximum potential recovery. The Court approved the settlement in its entirety on December 13, 2016. *See* Noteworthy Success Stories.

- *In re EverQuote, Inc. Securities Litigation*, Index No. 651177/2019 (N.Y. Sup. Ct., New York Cnty.). Johnson Fistel served as Co-Lead Counsel in a securities class action alleging violations of §§11 and 15 of the Securities Act of 1933. EverQuote is an online marketplace where consumers looking for insurance submit information to EverQuote's website. The operative Complaint filed in the case alleged strict liability and negligence claims against for misstatements and omissions in the Company's Registration Statement regarding quote requests. Specifically, the Complaint alleged that EverQuote was purposefully moderating quote requests, the Company's sole product, as of the IPO because increased quote requests had been causing pricing compression, and that the Registration Statement not only failed to disclose these material facts, but it was replete with statements attesting to the importance to EverQuote's finances of growing quote requests. Johnson Fistel, along with Co-Lead Counsel, was able to negotiate a $4.75 million settlement, representing a significant portion of estimated damages, on behalf of investors who purchased shares in the EverQuote IPO. The

settlement was approved on June 11, 2020. *See* Noteworthy Success Stories.

- *In re Flowers Foods, Inc. Securities Litigation*, No. 7:16-cv-0022-WLS (M.D. Ga.). In a securities class action case alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934, Johnson Fistel's client was appointed Lead Plaintiff and the firm was appointed Co-Lead Counsel under the Private Securities Litigation Reform Act of 1995. The complaint filed in the action alleges that defendants made false and misleading statements in connection with the Company's labor strategy. As a result of these false and misleading statements, Flowers Foods stock traded at artificially inflated prices during the Class Period. The $21 million class settlement became final on January 10, 2020. *See* Noteworthy Success Stories and testimonial from the Honorable W. Louis Sands under Testimonials.

- *In re Full Truck Alliance Co. Ltd. Securities Litigation*, Index No. 654232/2021 (N.Y. Sup. Ct. N.Y. Cty.): Johnson Fistel, as state court co-lead counsel, and alongside co-lead counsel in federal court, helped to secure $10.25 million on behalf of a class of Full Truck Alliance Co. Ltd. ("FTA" or the "Company") investors that: (i) purchased or otherwise acquired FTA ADSs from June 22, 2021 through July 2, 2021, inclusive; or (ii) purchased or otherwise acquired FTA ADSs pursuant or traceable to FTA's initial public offering ("IPO") or IPO registration statements. The operative complaint in the state court action alleged strict liability and negligence claims against defendants for violations of §§11 and 15 of the Securities Act of 1933 ("Securities Act"), while the operative complaint in the federal court action, in addition to the same Securities Act claims also asserted claims pursuant to §§10(b) and 20 of the Securities Exchange Act of 1934. Specifically, the complaints alleged that defendants failed to disclose that, just a few weeks before the Company's June 22, 2021 IPO, Chinese government regulators ordered FTA to modify its business practices to comply with existing and new regulations, and that FTA had yet to comply with these orders to the government's satisfaction. This non-compliance subjected FTA to a material risk of significant government penalties or other adverse actions. On July 5, 2021, the undisclosed risks from FTA's non-compliance were realized when it was reported that one of FTA's regulators had launched a cybersecurity review of FTA's mobile apps and suspended FTA's ability to register new users. FTA disclosed the adverse regulatory development and the price of its ADSs fell $3.89 per ADS to $15.13 from July 6, 2021 to July 8, 2021, wiping out $4 billion in market capitalization. By the end of July 2021, the price of FTA's ADSs had fallen as low as $7.95 per ADS—a nearly 60% decline from its IPO price just one month before.

- *Gerneth v. Chiasma, Inc., et al.*, No. 1:16-cv-11082-DJC (D. Mass.). Johnson Fistel served as Co-Lead Counsel and represented the Lead Plaintiff in a securities class action alleging violations of §§11 and 15 of the Securities Act of 1933. The complaint alleged that defendants made false and misleading statements in connection with the company's IPO regarding the company's business and the prospects for approval of a pharmaceutical drug. A class-wide settlement in the amount of $18.75 million was approved on June 27, 2019. *See* Noteworthy Success Stories.

- *Glock v. FTS International, Inc., et al.*, Civil Action No. 4:20-cv-03928 (S.D. Tex.). Johnson Fistel served as Co-Lead Counsel in a securities class action alleging violations of §§11 and 15 of the Securities Act of 1933. The complaint alleged that defendants failed to disclose in the Company's offering documents that market dynamics impacting FTSI had significantly deteriorated, that the Company's dedicated contracts could be prematurely terminated by FTSI's customers, and that the growth in revenues in the lead up to the IPO attributable to Chesapeake Energy, one of the Company's largest customers, would not be maintained. Eventually, FTSI would file for bankruptcy protection, devastating shareholder value and the Company's investors. A class-wide settlement in the amount of $9.875 million was reached while the Company was seeking protection from creditors in bankruptcy court. The settlement was approved on April 13, 2021. *See* Noteworthy Success Stories.

- *In re GoHealth, Inc. Securities Litigation*, Case No. 1:20-cv-05593 (N.D.Ill.). Johnson Fistel represented several of the court-appointed lead plaintiffs and served as co-counsel in a securities class action alleging violations of §§11 and 15 of the Securities Act of 1933. In that role, Johnson Fistel helped secure a $29.25 million class settlement for GoHealth shareholders. The complaint alleged Securities Act violations premised on Defendants' alleged false and misleading statements that failed to disclose a strategic business shift that GoHealth implemented prior to the IPO that included rapid customer expansion and negative impacts on GoHealth's key financial metrics at the time of and after the IPO. Specifically, the complaint alleged that by failing to disclose this shift and its financial impacts, the statements in the Registration Statement, that GoHealth would rapidly expand and scale its business while improving its financial metrics, were false and misleading. As a result of the false and misleading statements and omissions in the Registration Statement, the complaint alleged that the class was entitled to damages under the Securities Act for their purchases of GoHealth Class A common stock pursuant or traceable to the Registration Statement.

- *Mohanty v. Avid Technology, Inc., et al.*, No. 1:16-cv-12336-IT (D. Mass.). Johnson Fistel served as Lead Counsel and represented the Lead Plaintiff in a securities class action alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934. The plaintiff alleged that the defendants made false and misleading statements concerning the company's business, operations, and financial outlook. A class-wide settlement in the amount of $1.325 million was approved on May 2, 2018.

- *Mollik v. Adomani, Inc., et al.*, No. RIC-1817493 (Cal. Super. Ct. Riverside Cnty.). The co-founder and former Chief Technology Officer of a publicly traded company retained Johnson Fistel on an hourly basis to defend him in a class action alleging violations of §§12(a)(2) and 15 of the Securities Act filed against Adomani, Inc., certain of its current and former executives, and two firms that underwrote Adomani's initial public offering. Johnson Fistel aggressively fought the allegations in the complaint and ultimately negotiated for and achieved a full dismissal of all claims and financial liabilities against the firm's client. Additionally, on July 1, 2021, the Court entered an order forever barring the remaining defendants from pursuing any claims for contribution or indemnity against the firm's client, pursuant to an agreement Johnson Fistel negotiated with co-defendants in order to maximize protections for the firm's client.

- *Shafer v. Lightning eMotors, Inc., et al.*, No. 1:21-cv-02774-RMR-KAS (D. Colo). Johnson Fistel served as co-lead counsel for court-appointed lead plaintiffs in this securities class action. Specifically, the case related to the initial public offering of a special purpose acquisition vehicle, GigCapital3, Inc. ("GigCapital3"), and its acquisition of electric vehicle manufacturer Lightning Systems to form Lightning eMotors, Inc. (the "Business Combination"). The complaint filed in the action alleged that Defendants violated the Securities Act of 1933 and the Securities Exchange Act of 1934 by conducting a scheme to defraud, including by making material misrepresentations and omissions to investors in GigCapital3 and Lightning regarding GigCapital3's IPO, the Business Combination, and Lightning eMotors's operations in the first and second quarters of 2021. Also pending was a state court action filed in Delaware's Court of Chancery, which shared similar underlying allegations and brought claims pursuant to Delaware law. Following several years of hard-fought litigation, and despite limited resources available due to Lightning eMotors having entered Receivership, Johnson Fistel, along with co-lead counsel and state court counsel, were able to negotiate a settlement in the amount of $13.35 million dollars for the class. In fact, the amount recovered for the class exceeded the amount obtained for Lightning eMotors's creditors through the Receivership.

- *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.).  Johnson Fistel filed the initial case and thereafter worked with court-appointed lead counsel in this securities fraud class action arising from Valeant's alleged concealment of, among other things, Valeant's unsustainable and deceptive price gouging practices wherein Valeant acquired pre-existing drugs, some of them life-saving medicines, and then dramatically raised prices to boost short-term profitability. After more than five years of litigation, the case was resolved for $1.21 billion.  The court approved the settlement on January 31, 2021.

## *Consumer Class Actions*

- *In re: Apple Inc. Device Performance Litigation*, Case No. 18-md-02827-EJD (N.D. Cal.).  In December 2017, Johnson Fistel filed a class action complaint against Apple Inc. ("Apple"), alleging that Apple knowingly designed the batteries of certain iPhones to prematurely degrade, causing them to unexpectedly shut down.  After the matter was consolidated with numerous other lawsuits filed against Apple for similar alleged misconduct, Johnson Fistel was appointed to the Steering Committee of the consolidated action.  The litigation concerns one of the largest consumer frauds in history, affecting hundreds of millions of mobile devices around the world.  The Court approved a class-wide settlement pursuant to which Apple will make a minimum, non-revisionary payment of $310,000,000 and a maximum payment of up to $500,000,000, depending on the number of claims submitted.  The approval of that settlement is currently on appeal.

- *Baker v. Visa International Corp.*, Case No. 06cv0376 (Cal. Super. Ct. San Diego Cnty.). Johnson Fistel was appointed Co-Lead Counsel for this nationwide consumer class action that was filed in 2006 against Visa International Corp. for wrongfully assessing undisclosed fees on consumers by manipulating the currency conversion rates when consumers used their Visa Card for purchases in other countries.  This matter was removed to federal court, and transferred by the Judicial Panel on Multidistrict Litigation to the U.S. District Court for the Southern District of New York to be coordinated with the *In re Currency Conversion Fee Antitrust Litigation.*  The Court approved a settlement that provided for $336 million for the class members.  While the *Baker* case was not the driving force leading to the $336 million for the class members, it was coordinated with that matter and the firm played a material role in the ultimate settlement.

- *Eagle Canyon Owners' Association v. USA Waste of California, Inc.*, Case No. 37-2018-00005897 (Cal. Super. Ct. San Diego Cnty.).  Eagle Canyon Owners' Association retained Johnson Fistel to pursue a class

action against USA Waste for allegedly overbilling its California open market commercial and industrial customers in breach of its service agreements. Following years of investigation, discovery, and hard-fought litigation in both federal court and state court, Johnson Fistel negotiated a $7.85 million settlement, representing approximately 50% – 90% of the total, potential class-wide damages, according to Eagle Canyon's expert. The firm also insisted upon an all-cash, non-reversionary, and non-claims made settlement so that individual cash payments would be automatically being mailed to eligible class members without them needing to submit a claim form. *See* testimonial from the firm's client, Jillian Ibave, under Testimonials.

- *Giancola v. Lincare Holdings Inc.*, Case No. 8:17-cv-2427-T-33AEP (M.D. Fla.). Serving as Class Counsel in this action, Johnson Fistel represented a class of current and former employees of Lincare, who were exposed to an unlawful data breach and the potential disclosure of their personal information. After Johnson Fistel filed an amended complaint and engaged in preliminary discovery, the parties agreed to mediation. Johnson Fistel was ultimately able to achieve a class-wide settlement that provided multiple forms of relief to class members, including: (i) a Settlement Fund totaling $875,000 in cash that was used to pay claims of class members impacted by the data breach; (ii) enhanced credit and identity monitoring protection services for the class, which was valued at more than $972,000; and (iii) Lincare's agreement to implement certain enhanced data security measures to protect the company from future data breaches and safeguard the personal information of its employees.

- *Novotny v. Massage Heights Franchising, LLC,* Case No. 27-2020-00017688 (Cal. Super. Ct. San Diego Cnty.). On June 16, 2022, the San Diego Superior Court granted final approval of a consumer class action settlement resolving allegations that Massage Heights' membership agreements with thousands of its California members caused them to forfeit prepaid massage services upon membership termination in violation of California law. Johnson Fistel, court-appointed class counsel, negotiated the settlement following years of investigation and hard-fought litigation with the goal of obtaining a real and direct economic benefit for the class and providing them the opportunity to reinstate their lost massage credits. The settlement provided class members the right to approximately 75% reinstatement, carrying a potential value in the several millions, and with no condition that a new membership be purchased or money otherwise be spent out-of-pocket. Johnson Fistel's creative and persistent advocacy on behalf of the class throughout the case ultimately led to the court's final approval and confirmation that the settlement fairly, reasonably, and adequately

resolved the claims of the class in a manner that serves their best interests. This recent settlement follows a long line of cases in which Johnson Fistel has been a leader in consumer advocacy, and after the firm previously succeeded in similar claims against well-known, national massage chain franchisor, Massage Envy.

## *Employment and Labor Cases*

- *Alcantar, et al. v. Cardenas Markets, LLC,* JAMS Ref. No. 1240022966 (2019) (Brisco, Arb.).   Johnson Fistel was retained by six plaintiff grocery workers alleging sexual harassment and related claims.  The former employees alleged that the supermarket-employer, which is backed by a leading global investment firm and is a member store of one of the largest Hispanic supermarket chains in the country, permitted and engendered a norm of unwanted and violent sexual interaction between supervisors and their employees.  The firm's aggressive prosecution in the multi-plaintiff action, which included extensive discovery practice and arbitration hearings, precipitated a substantial civil rights settlement in the amount of $875k.

- *Call v. Stillwater Hospitality LLC,* Case No. 30-2017-00961765 (Cal. Super. Ct. Orange Cnty.).  Johnson Fistel represented a former employee in a lawsuit against the Stillwater restaurant companies seeking civil penalties under and pursuant to the Private Attorneys General Act ("PAGA") for alleged violations of the California Labor Code for, among other things, failure to properly calculate and pay overtime compensation.  PAGA allows aggrieved employees to sue over alleged labor code violations on behalf of themselves and other aggrieved employees by stepping into the shoes of state regulators to recover civil penalties.  Following extensive investigation and hard-fought litigation, Johnson Fistel negotiated a significant settlement on behalf of its client and all other aggrieved employees.

- *Jane Doe v. Bad Employer*: Johnson Fistel represented a business development employee who instituted suit against her former employer, an industrial supply company.  The plaintiff alleged, inter alia, that she was subjected to severe discrimination and harassment, and ultimately terminated, based on her medical condition.  Johnson Fistel's tenacious advocacy procured a confidential settlement in favor of its client at an early stage of the litigation.

# NOTEWORTHY SUCCESS STORIES

Johnson Fistel aggressively pursues complex litigation matters for both hourly paying clients and for contingency fee clients. While not an exhaustive list, below are a few of the cases for which the firm has achieved noteworthy successful results for its clients.

### *A Happy Client Following Trial*

On behalf of a marketing firm, Johnson Fistel pursued claims for breach of contract and fraud against the manufacturer of a weight loss product. After a week-long jury trial, the jury returned a seven-figure verdict in favor of Johnson Fistel's client, including actual and punitive damages. *See* testimonials from the firm's client, Ronald T. Fricke, and the firm's co-counsel Gerald J. Stubenhofer, Esq. under Testimonials. *Healthy Life Marketing, LLC, et al. v. Jaime Brenkus' Sound Body, Inc.*, Case No. GIC822927 (Cal. Super. Ct. San Diego Cnty.).

### *Record Setting Class Action Settlement in Washington*

In what is believed to be the largest recovery ever obtained in a class action challenging the price of a merger or acquisition of a public company in a Washington court, on January 20, 2017, the court approved a $12.75 million settlement for the benefit of former Flow shareholders. Specifically, the case challenged the fairness of the price shareholders received from the 2014 acquisition of Flow by American Industrial Partners. Johnson Fistel served as court-appointed Co-Lead Class Counsel.

After three years of hard-fought litigation, which included 26 depositions taken throughout the country, defeating defendants' motions to dismiss, defeating defendants' motion for summary judgment, and obtaining an order certifying the class, the parties reached an agreement to settle the case just before trial. "I am proud to be part of a settlement that achieved what is now a rarity, more money for the shareholders in a merger case," said Frank Johnson, one of the founding partners of Johnson Fistel. Cornerstone Research recently published a report regarding M&A shareholder suits in 2015 and the first half of 2016, reporting that amongst the hundreds of merger-related lawsuits identified, only six of those cases resulted in any monetary recovery for shareholders. The report concluded that in merger-related litigation, "monetary consideration paid to shareholders has remained relatively rare." *Englehart v. Brown*, Case No. 13-2-33726-6-KNT (Wash. Super. Ct. King Cnty.).

### *Recovering Cash for and Reforming Practices at a Global Social Media Company*

Johnson Fistel, as Co-Lead Counsel served as a lead negotiator in this stockholder derivative action against certain current and former officers and directors of Twitter, Inc., recovering $38 million for the company and successfully negotiating robust governance reforms tailored to address and prevent the reoccurrence of directors and officers of Twitter from issuing materially false and misleading

statements about the company's user growth and user engagement prospects, a central allegation in the case. In reflecting on Johnson Fistel's efforts, Jim Porter, one of the shareholder plaintiffs that stepped up to prosecute the claims on behalf of Twitter, referred to the settlement as an "excellent result achieved for the company and its stockholders" and lauded Johnson Fistel's lawyers and staff as "professional, responsive, and personable….I would use them again and recommend them without hesitation." *In re: Twitter, Inc. Shareholder Derivative Litigation (n/k/a X),* C.A. No. 18-062 (D. Del.).

### *One of the Largest Recoveries in a Derivative Case in Tennessee*

Johnson Fistel was appointed sole Lead Counsel in this shareholder derivative action against certain current and former officers and directors of HCA Holdings, Inc., the largest private hospital chain in the country. The derivative claims related to similar facts that resulted in the company paying $215 million to settle a class action lawsuit filed by shareholders who alleged the company used false and misleading information to sell stock during its 2011 initial public offering.

The parties litigated the action for more than four years and attended multiple mediations, after which Johnson Fistel secured an extremely favorable settlement for HCA and its shareholders, including a payment of $19 million to HCA (believed to be among the largest recoveries in a derivative case in the State of Tennessee), the appointment of a new independent director, and implementation of significant corporate therapeutics. *Bagot v. Bracken, et al.*, Case No. 11C5133 (Tenn. Cir. Ct., 6th Cir.).

### *Helped Secure $24 million for the Company*

Johnson Fistel was initially appointed Co-Lead Counsel in state court in one of the highest-profile cases in the country challenging the award of backdated stock options by executive officers of Brocade. For years, Brocade's insiders engaged in a secret stock option backdating scheme designed to reward executives and recruit engineers with stock options priced below their fair market value as of the date of the grants. The U.S. Government pursued and ultimately won criminal convictions against the responsible executives.

On behalf of its client, Johnson Fistel helped prevent an inadequate settlement of a related federal action from being approved, which would have released the officers, directors, and agents of the company responsible for the criminal backdating scheme resulting in no money to the company and only a payment of attorney's fees for the lawyers. Brocade then formed a Special Litigation Committee and retained Johnson Fistel as co-counsel to Brocade to help litigate claims against ten former officers and directors of the company. After years of litigation, over $24 million was recovered for Brocade. *In re Brocade Communications, Systems, Inc. Derivative Litigation*, Case No. 1:05cv41683 (Cal. Super. Ct. Santa Clara Cnty.).

## Helped Secure $29 Million for Shareholders

Johnson Fistel was appointed Co-Lead Counsel in a derivative lawsuit that involved claims against the officers and directors of Titan Corporation for breach of fiduciary duty. During the pendency of the litigation, Titan announced that it would be acquired, threatening to cause the shareholders in the derivative action to lose standing. Johnson Fistel then coordinated with counsel in a related derivative action pending in Delaware to negotiate a settlement that resulted in $29 million in increased consideration to Titan's shareholders in the all-cash merger acquisition. *In re the Titan Corp. Derivative Litigation*, Case No. GIC 832018 (Cal. Super. Ct. San Diego Cnty.).

## Keeping Corporate America Accountable

Johnson Fistel, as court-appointed Co-Lead Counsel pursuant to the Private Securities Litigation Reform Action of 1995 ("PSLRA"), recovered $21 million for a class of shareholders who invested in Flowers Foods, Inc. The detailed, 154 page, 352 paragraph complaint withstood defendants' motions to dismiss and for reconsideration, and alleged that defendants made false and misleading statements in connection with the Company's labor strategy, resulting in the price of Flowers Foods stock to trade at artificially inflated prices during the Class Period. The $21 million class settlement is believed to be the largest securities fraud class action recovery since the passage of the PSLRA in the Middle District of Georgia. *In re Flowers Foods, Inc. Securities Litigation*, No. 7:16-cv-0022-WLS (M.D. Ga.).

## Creating Shareholder Value Through Innovative Corporate Reforms

Johnson Fistel was appointed Lead Counsel in a shareholder derivative action brought on behalf of RH, Inc. alleging, among other things, that certain officers and directors of RH violated federal and state laws by making false and misleading statements concerning RH's business operations, financial condition, and growth prospects, as well as that certain defendants engaged in improper insider trading. On RH's behalf, Johnson Fistel negotiated sweeping and innovative corporate governance reforms to benefit the company, including installation of a new Chief Compliance Officer and adoption of a Disclosure Committee Charter. On December 18, 2020, the Honorable Yvonne Gonzalez Rogers granted final approval, noting that "the Court rarely comments on counsel's performance. Here, such commentary is appropriate. . . . Counsel performed excellent work in not only investigating and analyzing the core of the issues, but in negotiating and demanding the necessary reforms to prevent malfeasance for the benefit of the shareholders and the consumers. The Court complements counsel for its excellence." *In re RH Shareholder Derivative Litigation*, No. 4:18-cv-02452-YGR (N.D. Cal).

Likewise, as Co-Lead Counsel, Johnson Fistel helped bring about reformative change at Motorola, Inc. The derivative claims there charged certain officers with making misrepresentations about the company's financial statements and prospects of success in order to artificially inflate the company's stock price while they

personally sold shares and while causing the company to simultaneously purchase shares on the open market. After six years of hard-fought litigation, the action settled on terms that required the implementation of significant corporate therapeutic changes throughout the company—*changes that were valued by one expert at over $1 billion*. *In re Motorola, Inc. Derivative Litigation*, Case No. 07CH23297 (Ill. Cir. Ct. Cook County).

### *Helped Investors Harmed In Connection with Public Offerings*

Johnson Fistel has extensive experience representing investors who purchased shares and suffered losses in connection with public offerings. In that regard, Johnson Fistel has successfully brought claims under the Securities Act of 1933 and helped investors recover many millions of dollars, including in the following class action cases: *Gerneth v. Chiasma, Inc., et al.*, No. 1:16-cv-11082-DJC (D. Mass.) ($18.75 million settlement achieved on behalf of investors who purchased shares in the Chiasma IPO); *Glock v. FTS International, Inc., et al.*, Civil Action No. 4:20-cv-03928 (S.D. Tex.) ($9.875 million settlement achieved on behalf of investors who purchased shares in the FTSI International IPO); *Desrocher v. Covisint Corporation, et al.*, Case No. 1:14-CV-03878-AKH (S.D.N.Y.) ($8 million settlement achieved on behalf of investors who purchased shares in the Covisint IPO); and *In re EverQuote, Inc. Securities Litigation*, Index No. 651177/2019 (N.Y. Sup. Ct., New York Cnty.) ($4.75 million settlement achieved on behalf of investors who purchased shares in the EverQuote IPO).

## TESTIMONIALS

The Honorable Mark H. Cohen
United States District Court Judge
Northern District of Georgia

"The Court finds that the Settlement is the product of hard-fought, arm's-length negotiations by prepared, skilled, and experienced counsel conducted over the course of months through in-person, telephonic and written exchanges, and that there is no evidence of collusion. Federal Derivative Action Plaintiffs' Counsel include nationally recognized leaders in shareholder litigation." *In re Southern Company Shareholder Derivative Litigation*, No. 1:17-cv-00725-MHC (N.D. Ga.) (granting final approval of a settlement agreement that court-appointed Lead Counsel Johnson Fistel negotiated for the company after more than five years of litigation).

---

The Honorable Laura S. Taylor
United States Bankruptcy Court Judge
Southern District of California

"There's no question in my mind that this settlement is in the best interest of this Estate. So I'm prepared to approve it. . . . But I want to compliment Mr. Johnson, and I want to compliment on the successful recovery for the Estate. The creditors thank you, and I thank you." *In re Artes Medical, Inc.*, (Bankr. S.D. Cal., Case No. 08-12317-LT7) (approving a $3 million settlement recovered for the estate of a bankrupt public company after the Chapter 7 Trustee retained Johnson Fistel to pursue claims for breach of fiduciary against the directors). In approving the final award of attorneys' fees, Judge Taylor further stated: "The Court thanks [Johnson Fistel] for its outstanding work on behalf of the Chapter 7 Trustee and the Estate."

---

The Honorable Ed Kinkeade
United States District Court Judge
Northern District of Texas

"The quality of representation by the Derivative Plaintiffs' Counsel was witnessed first-hand by this Court through their articulate, high quality, and successful pleadings. Moreover, as shown by their excellent efforts in this case, Derivative Plaintiffs' Counsel are dedicated to vindicating the rights of shareholders." *In re Heelys, Inc. Derivative Litigation*, Case No. 3:07-CV-1682 (N.D. Tex.) (granting final approval of a settlement agreement that required the company to implement sweeping improvements to its governance).

The Honorable Edward M. Chen
United States District Court Judge
Northern District of California

Johnson Fistel's predecessor firm, Johnson & Weaver ("J&W"), has "demonstrated that they are qualified and experienced and are capable of acting as lead counsel." "The Court is favorably impressed by J&W's presentation and knowledge" and "J&W's experience litigating shareholder derivative actions gives it a certain amount of pre-existing expertise." *In re Oclaro, Inc. Derivative Litigation*, Case No. C-11-3176 EMC (N.D. Cal.) (appointing J&W, Lead Counsel in a complex shareholder derivative litigation in which three separate lawsuits were filed).

The Honorable W. Louis Sands
United States District Court Judge
Middle District of Georgia

"I'd also just like to acknowledge just really the professional way you all handled this case . . . and I think it is that type of substantial work from opposing sides that I think that is what we look at a settlement that both sides of this case have been well represented and represented so the Court is satisfied that it has been in the hands of people who knew what they were doing, and therefore the Court could well adopt and accept the representations made that are supported by the record with regard to just the settlement here." *In re Flowers Foods Inc. Derivative Litigation,* No. 7:18-cv-00084 (M.D. Ga.) (approving a $21 million class action settlement).

The Honorable Yvonne Gonzalez Rogers
United States District Court Judge
Northern District of California

"The Court rarely comments on counsel's performance. Here, such commentary is appropriate . . . . Counsel performed excellent work in not only investigating and analyzing the core of the issues, but in negotiating and demanding the necessary reforms to prevent malfeasance for the benefit of the shareholders and the consumers. The Court complements counsel for its excellence. . . ." *In re RH Shareholder Derivative Litig.*, No. C 18-02452YGR (granting final approval of a settlement agreement that required the company to implement innovative and comprehensive corporate governance reforms).

The Honorable Kathaleen St. J. McCormick
Chancellor
The Delaware Court of Chancery

"Congratulations on what was a hard-fought set of litigations and an incredibly complicated settlement to achieve, so well done. I recognize that the perils of bankruptcy added complications to these negotiations that perhaps rendered already complicated cases even more so." *In re Nikola Corporation Derivative Litigation*, No. 2022-0023-KSJM (Del. Ch.) (approving $33.75 million combined settlement of class action and derivative claims that Johnson Fistel achieved for Nikola and its stockholders as Court-appointed Co-Lead Counsel).

The Honorable Layn R. Phillips
Retired United States District Court Judge
Western District of Oklahoma

"The settlement was reached through hard fought, arm's-length negotiations conducted by skilled counsel in good faith…. Plaintiffs' Lead Counsel, [Johnson Fistel], is a firm I know and respect, and is a law firm which I count among the finest shareholder rights advocates." *Crystal v. Medbox, Inc.*, No. 2:15-CV- 00426-BRO (C.D. Cal.) (declaration in support of plaintiff's motion for approval of a securities fraud class action settlement which provided for millions of dollars worth of shares of stock and cash to be paid to injured class members).

The Honorable Howard B. Wiener
Retired Associate Justice
California Court of Appeal

"It is worth reiterating that the advocacy on both sides of the case was outstanding. I have decades of experience with attorneys from the law firms on both sides of this case, which are nationally recognized for their work prosecuting and defending large, complex class actions such as this. All counsel displayed the highest level of professionalism in carrying out their duties on behalf of their respective clients. The settlement is the direct result of all counsel's experience, reputation, and ability in these types of complex class actions." *Eagle Canyon Owners' Association v. USA Waste of California, Inc.*, Case No. 37-2018-00005897 (declaration in support of plaintiff's motion for final approval of a class action settlement providing $7.85 million in cash payments made to class members, an amount which represented approximately 50% – 90% of the total, potential class-wide damages).

Michelle Yoshida
Attorney & Mediator
Phillips ADR Enterprises

"Counsel for the parties were highly experienced in derivative litigation, well informed on the current law, and had performed considerable work to prepare the case for mediation.…  The advocacy on both sides of the case was of the highest caliber and counsel for both parties exhibited great effort, creativity, and zeal in advocating their positions." *Weitzman v. Ullman, et al.*, Civ. No. 4:13-cv-00585 (E.D.  Tex.) (declaration in support of plaintiff's motion for final approval of a settlement in a derivative action which provided for a series of material reforms to JC Penney's corporate governance systems, designed to strengthen the company's internal control functions and board accountability, and ultimately prevent the recurrence of the events that led to the alleged harm to the company and the filing of the lawsuit).

---

Yolanda Lira
Client

"I was one of five women who brought claims after experiencing discrimination in a male-dominated work environment at a very large company.  If you are looking for the gold standard in employment law representation, look no further.  Kristen O'Connor and the Johnson Fistel legal team provided exceptional support throughout every stage of our difficult and emotionally challenging discrimination case.  Ms. O'Connor consistently went above and beyond, always exceeding our expectations by delivering on her commitments.  What stood out most was how genuinely invested she was in our case.  She made us feel supported and confident throughout every stage of the process.  Despite clearly managing many other important matters, she always made us feel like we were her top priority.  I highly recommend Ms. O'Connor and the entire Johnson Fistel team for your employment-related crisis.   You will experience the same professionalism, dedication, strategic guidance, and tireless advocacy we received."

---

S.B.
Social Worker

"Kristen represented me in an employment matter from 2024-2026, and I cannot recommend her highly enough.  She was incredibly thorough, well-prepared, communicative, and always kept me apprised of my options at each step of the way.  She continually reminded me that I was the "captain of the ship" and I felt empowered to make decisions and requests that felt right for my situation.  Kristen was far more prepared and knowledgeable about the facts of the case than opposing counsel, which was a huge factor in the favorable outcome of my matter.  Kristen is smart,

professional, approachable, and has an excellent sense of humor.  I would highly recommend her for any employment related matter."

---

Jim Porter
Client

"Throughout five years of litigation, Johnson Fistel delivered thoughtful analysis, aggressive lawyering, and excellent service.  As a stockholder of a large publicly traded company, I became concerned about the performance and integrity of the company's officers and directors.  I retained Johnson Fistel to investigate potential wrongdoing and ultimately file a derivative lawsuit for the benefit of the company and its shareholders.  Throughout the entire litigation, from my initial contact with the firm through the excellent result achieved for the company and its stockholders, the lawyers and staff at Johnson Fistel have been professional, responsive, and personable.  I would use them again and recommend them without hesitation."

---

Jane Doe #1
Client

"Finding yourself in the middle of a workplace discrimination crisis is incredibly isolating and emotionally draining, especially as one of five women taking on a massive company.  But from the moment we connected with Kristen O'Connor and the Johnson Fistel team, that heavy burden shifted.  Kristen didn't just represent us—she carried us through one of the most difficult chapters of our lives with a level of empathy I didn't know existed in the legal world.  Kristen and the Johnson Fistel team treated us with compassion and understanding.  Even though she was managing countless other major cases, Kristen made us feel like we were her entire world.  Her genuine investment in our well-being and her tireless advocacy gave us our voices back.  Thanks to her strategic brilliance and unwavering support, we went from feeling defeated to feeling empowered and confident.  Just saying "thank you" feels entirely inadequate for how she protected and fought for us.  If you need the gold standard of legal care and human compassion, look no further.  The Johnson Fistel team will make you a part of their family."

---

Rolf L. Nordström
Chairman of the Board
International Real Estate PLC

"As chairman of the board of a public company, my company was represented by Johnson Fistel to pursue claims for breach of fiduciary duty for millions of dollars against former directors of a company formed in England.  I have retained law firms

throughout the world and found Johnson Fistel's services to be superb. They were very responsive and grasped complex corporate matters involving international real estate transactions. The firm aggressively litigated my company's claims against several defendants who were represented by one of the largest law firms in the world. This case was very complex and complicated and involved three jurisdictions (U.S., Europe, and Sweden). The firm played an instrumental role in bringing the whole case to a successful settlement out of court. We ultimately reached a resolution short of trial with which I was very pleased."

---

James Baker
Chief Cost Reduction Officer
DCI Solutions

"While I was the Executive Vice President and Chief Financial Officer for a publicly traded company, I consulted Frank Johnson on various legal issues. As CFO I was responsible for SEC reporting requirements and compliance with GAAP. In addition, I successfully completed the public offering of the company's stock which was a consistent top performer on the NASDAQ from 1998 to 1999. During the ten years I've known him, I've been very impressed with Mr. Johnson's integrity, business acumen, and understanding of complex securities issues. Based upon these factors, I retained Johnson Fistel to represent me in matters where it appeared that a public company's officers or directors engaged in fraudulent conduct to the detriment of the company's shareholders (of which I was one). As a former CFO for a public company and as a shareholder, I can say with confidence that this firm has proven to be aggressive and astute in identifying claims for fraudulent conduct in connection with the sale of publicly traded securities."

---

Gerald J. Stubenhofer, Esq.
Partner
McGuire Woods LLP

"While I was assistant general counsel for GNC Corporation, a publicly traded company at the time, I had the good fortune of working with Frank Johnson as GNC's lawyer. While he was at Sheppard Mullin, he successfully defended GNC in several matters, including a consumer class action and various business litigation matters. I have since left GNC Corporation and am now a partner at one of the largest law firms in the country. I have worked with Mr. Johnson on various matters, including a jury trial in San Diego, California. Mr. Johnson proved to be an exceptional trial lawyer who assisted my firm in obtaining an outstanding verdict in our client's favor. I have recommended him without reservation to both clients and lawyers who need highly skilled and effective representation."

---

Jane Doe #2
Client

"Going through gender and pregnancy discrimination in large well-known company was one of the hardest and most vulnerable moments of my life. But the Johnson Fistel firm stood by me with a level of compassion, tact, and professionalism that I will never forget. As one of five women who came together looking for justice, the JF Firm didn't just handle our case; they supported us as people. They listened without judgment, guided us through every step, and made sure we never felt alone in the process. We worked directly with Kristen O'Connor, and she was truly the best. Not only is she incredibly smart and well spoken, but she is also one of the most caring human beings I've ever met. From the very beginning, we connected in a way that made us feel safe, understood, and genuinely valued. She had this remarkable ability to make us feel like we were her only case, even though we knew she had many others. Her empathy, her clarity, and her steady reassurance helped me regain my confidence when everything felt overwhelming. We always felt heard, supported, and protected with her by our side. The JF team's expertise helped us find strength during an incredibly painful chapter of our lives. I'm deeply grateful for all they did for us, and I strongly and wholeheartedly recommend them to anyone facing a similar situation."

---

Sean H. Mallean
President & CEO
Axeus, Inc.

"In 2004, Axeus, Inc. was using Sheppard Mullin, a large law firm, for nearly all of its legal matters. When Frank Johnson, who was then a partner at Sheppard Mullin, announced that he was departing to start his own law firm, I did not hesitate in my decision to send all of Axeus's litigation work to Mr. Johnson. At the time, Axeus was embroiled in a huge legal battle involving more than 20,000 pages of evidence and millions of dollars. Mr. Johnson helped Axeus successfully resolve that matter and has since handled several litigation matters for Axeus, all with outstanding results. I have worked with many different law firms over the years and I can say with confidence that Mr. Johnson is one of the best lawyers I've worked with. He understands what is important to his clients: excellent legal work and value. While other firms may be less expensive, Johnson Fistel provides value for its fees."

---

Ted Mount
Owner
Natural Energy

"I am the owner of Natural Energy, which was established in 1977 and is the largest solar energy company in the western United States. Although we have an

exceptional reputation, as with any large company, legal disputes are sometimes inevitable. After using a number of law firms, for the past several years Natural Energy has used Johnson Fistel for all of its business litigation matters, from general business disputes to successfully getting a baseless class action dismissed. They are aggressive, have a strong work ethic and, of utmost importance to me, have unquestionable integrity. I have the utmost faith and confidence in them."

---

Jean Marie Cinotto
Client

    "I first retained Johnson Fistel when my husband and I became concerned with what I thought looked like wrongful conduct by executive management at one of the publicly traded companies in which we had invested. They always clearly communicated their strategy and the underlying legal reasons why it needed to be done that particular way. Most importantly, they always responded to any questions or concerns in a timely manner and consistently updated us without overwhelming us with complicated details. We were very happy with the outcome of the securities case. When I needed a lawyer again to help me with employment matters, I retained the firm again. They demonstrated that they were well informed and helped me get a settlement with which I was very pleased. I highly recommend Johnson Fistel and I would not hesitate to use them again."

---

Trudy York
Client

    "I recently had the pleasure of working with the attorneys at Johnson Fistel in connection with a motion to have me appointed the lead plaintiff in a class action alleging claims for securities fraud. Throughout the process, Brett Middleton (the partner in charge at Johnson Fistel) did a fantastic job of explaining everything to me and made himself available for all questions. Unfortunately, I was not selected as the lead plaintiff because the court found other shareholders had even greater losses arising out of what appeared to me to be a fraud on the market. I truly regret not being able to work with Johnson Fistel on this case because I had a great deal of confidence in the firm and its lawyers based upon their attention to detail and representation of me up to that point. I highly recommend Johnson Fistel to anyone looking for excellent representation."

---

Jane Doe #3
Client

"Johnson Fistel delivered exceptional representation in my case, and I want to recognize the remarkable work of Kristen O'Connor and Frank J. Johnson.  I was one of five women who brought claims after experiencing discrimination in a male dominated work environment at a very large company, and the legal and emotional complexity of the situation required a team with both skill and integrity.  Johnson Fistel exceeded every expectation.  Kristen O'Connor was the primary attorney on my case, and her command of the facts, the law, and the strategy was outstanding.  She is meticulous, articulate, and unafraid to take on challenging issues.  Her ability to break down complex legal concepts and keep me informed made the process far less overwhelming.  Frank J. Johnson, as the firm's lead partner, provided invaluable strategic oversight.  His experience in high stakes litigation was evident from day one, and his guidance strengthened every aspect of the case.  Together, Kristen and Frank formed a powerhouse team that advocated for me with precision and conviction.  Their professionalism, responsiveness, and commitment to justice were evident in every interaction.  I felt supported, respected, and confident throughout the entire process.  I would recommend Johnston Fistel without hesitation to anyone seeking top tier legal representation."

—————————————————————————————————————

Jillian Ibave
Secretary
Eagle Canyon Owners' Association

"I've worked with law firms in the past and found the lawyers and paralegals at Johnson Fistel to be first-rate.  They kept me informed at every stage of this matter, they were responsive, I found their ideas to be creative, and their relentless approach caused me to believe they were passionate about having my best interest and the best interest of the class in mind."

—————————————————————————————————————

Ronald T. Fricke
President
Healthy Life Marketing, LLC

"They were Awesome!  They were professional, organized and as evidenced by juror testimonials following a one-week jury trial ... extremely effective.  On claims for breach of contract and fraud, the firm helped me win a 7-figure verdict for me and my company and I will forever be grateful.  You never realize how important it is to have a good attorney until you need one!"

—————————————————————————————————————

Peter Czuczor
Client

"You guys are truly amazing. We've only worked together for a short period of time, but I already have an amazing opinion of you. The support, the detailed answers, your insights, the transparency, your prompt responses, everything. Please keep up the good work. I think the quality of your service is really unique in this world."

---

Tyler Martin
Client

"The team at Johnson Fistel far exceeded our expectations from the very beginning. We honestly didn't know what to expect but this team made each step so easy to understand. If we ever need legal counsel for anything else again, we will definitely be using them again. Thank you for everything."

---

Sean Diamond
Client

"I had the pleasure of working with Kristen O'Connor. She did an amazing job keeping me updated on the status of my case and communicating throughout the process. I highly recommend Johnson Fistel and Kristen."

---

Bobby Paul
Client

"When I was looking for a team of lawyers to represent me in my case, I was looking for legal advocates who care, who would keep me informed, who would fight for me, and who would be the voice I needed to represent my best interests. I ultimately retained Johnson Fistel and they were simply the best; they exceeded my expectations and surpassed my needs. We came away with the results I was looking for, but most importantly, I came away impressed by how hard-working, caring, and detailed they were. Johnson Fistel will be my first choice if I need excellent lawyering again and I highly recommend."