**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEAMFITTERS LOCAL 449 RETIREMENT SECURITY FUND, Individually and on behalf of all others similarly situated, | Case 1:26-cv-04660-VEC |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| BADGER METER, INC., KENNETH C. BOCKHORST, ROBERT A WROCKLAGE, and DANIEL R. WELTZIEN, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF GLENN AUSTIN WESTER**
**FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF COUNSEL**

00846550;V1

Glenn Austin Wester ("Wester") respectfully submits this memorandum of law in support of his motion for: (a) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (b) approval of Wester's selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel for the litigation.

## PRELIMINARY STATEMENT

Presently pending in this District is the above-captioned securities class action (the "Action") alleging violations of the Exchange Act against Defendants. The Action was brought on behalf of all those (the "Class") who purchased or otherwise acquired Badger Meter, Inc. ("Badger Meter" or the "Company") common stock between April 18, 2024 and April 16, 2026, inclusive (the "Class Period").

Under the PSLRA, a class action complaint alleging violations of the Exchange Act triggers statutory requirements for selecting the most adequate plaintiff to lead the action. The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

As set forth more fully herein, Wester satisfies these requirements and should be appointed as Lead Plaintiff in the Action. First, Wester lost $8,136 from his purchases of Badger Meter common stock during the Class Period. Wester believes his losses constitute the largest financial interest in the Action. Second, Wester satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23 as his claims are typical of the claims of the Class, he has no interests that are antagonistic to the Class, and he will fairly and adequately represent the interests of the Class. Wester has a Computer Networking Certification, lives in Plano, Texas, and has been investing in

00846550;V1

the securities markets for over fourteen years. Additionally, Wester selected experienced and qualified counsel who can adequately represent the Class.

Accordingly, Wester respectfully requests that the Court grant his motion to appoint him as Lead Plaintiff and to approve his selection of Bernstein Liebhard LLP as Lead Counsel.

## FACTUAL BACKGROUND

Badger Meter manufactures and sells water measurement and management products. During the Class Period, Defendants allegedly made materially false and misleading statements concerning the drivers of Badger Meter's "record" financial results, demand for the Company's products, and its prospects for continued growth. In truth, Badger Meter's financial results during the Class Period were at least partially attributable to the Company's practice of pulling-forward customer orders to recognize revenue early, which concealed weakening demand and deteriorating near-term order trends. This practice also depleted revenue otherwise available for future periods, ultimately causing the disappointing financial results the Company later reported.

On July 22, 2025, Badger Meter reported disappointing 2Q 2025 financial results including earnings below consensus estimates, decelerating revenue growth, and margin deterioration, and disclosed that "we expect absolute sales to decline sequentially in the third quarter of 2025." On this news, the price of Badger Meter stock fell 16.5%. On January 28, 2026, Badger Meter reported disappointing 4Q 2025 financial results, including missed revenue expectations and a "6% sequential decline in utility water sales versus" the previous quarter. As a result, Badger Meter stock fell 11%. Finally, on April 17, 2026, Badger Meter reported disappointing 1Q 2026 financial results, including "total sales of $202.3 million, 9% lower than the prior year's 222.2 million". This time, Badger Meter plummeted $36.75 per share, or more than 24%. Badger Meter investors suffered significant losses as the truth was slowly disclosed.

**ARGUMENT**

## I.   THE COURT SHOULD APPOINT WESTER AS LEAD PLAINTIFF

### A.   The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i)      has either filed the complaint or made a motion in response to an Early Notice;

ii)     in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, Wester meets the foregoing criteria, and therefore is entitled to the presumption of being the most adequate Lead Plaintiff to represent the Class.

### B.    Wester is the Most Adequate Plaintiff

Wester respectfully submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to an Early Notice, he believes that he has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### 1.    Wester's Motion is Timely

On June 2, 2026, the Early Notice was published via a widely circulated national business-oriented wire service. *See* Ex. A to the Declaration of Joseph R. Seidman, Jr. ("Seidman Decl."). Accordingly, putative class members had until August 3, 2026, to file lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.").

Wester timely filed this motion in response to the Early Notice. Wester also filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to his review of the complaint in the Action and his willingness to serve as representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Seidman Decl., Ex. B. As such, Wester satisfies the first requirement to serve as Lead Plaintiff.

### 2. Wester Believes He Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Wester suffered losses of $8,136 in connection with his purchases of Badger Meter common stock during the Class Period. *See* Seidman Decl., Ex. C. Wester is not aware of any other movant that has suffered greater losses in Badger Meter's common stock during the Class Period. Accordingly, Wester believes that he has the largest financial interest in this litigation.

### 3. Wester Meets the Requirements of Fed. R. Civ. P. 23

"At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) (emphasis in original). Wester satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are "the only [Rule 23] provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*

### a. Wester's Claims Are Typical of Those of the Class

A lead plaintiff movant is typical of other proposed class members under Rule 23 if "its claims…arise from purchases made in reliance on the same alleged misstatements and omissions that the complainants and other movants base their claims on, and they also seek the same relief, based on the same legal theories." *Kukkadapu v. Embraer S.A.*, No. 16 CIV. 6277 (RMB), 2016 WL 6820734, at *2 (S.D.N.Y. Oct. 20, 2016). Wester's claims are typical of the Class in that he suffered the same injury as a result of the same, or substantially the same, course of conduct by

Defendants, and bases his claims on the same, or substantially the same, legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether (i) Defendants violated the federal securities laws; and (2) the members of the Class sustained damages and, if so, what is the proper measure of damages. These questions apply equally to Wester as to all members of the Class. Since Wester's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

> **b.     Wester Will Fairly and Adequately Protect the Interests of the Class**

The adequacy requirement, in turn, is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015).

Wester is an adequate Lead Plaintiff. Wester and members of the Class have the same interest: to maximize the recovery from Defendants. Because of Wester's financial stake in the litigation, Class members can be assured that Wester has the incentive to vigorously prosecute the claims. Wester has a Computer Networking Certification, lives in Plano, Texas, and has been investing in the securities markets for over 14 years. Wester is well-suited to serve as lead plaintiff.

Wester also demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has repeatedly

demonstrated its ability to prosecute complex securities class action lawsuits both in this District and nationwide.

**II.    THE COURT SHOULD APPROVE WESTER'S CHOICE OF COUNSEL**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Seidman Decl. Ex. D (Firm Résumé of Bernstein Liebhard). Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country and in this district. Some of the firm's most recent Lead Counsel appointments include *Dishion v. Power Solutions International, Inc.*, Case No. 1:26-cv-03149 (N.D. Ill.); *Wentz v. Moderna, Inc.*, Case No. 1:24-cv-12058-IT (D. Mass.); *Indiana Public Retirement System v. Rivian Automotive, Inc.*, Case No. 2:24cv04556 (C.D. Cal.); *Zerbato v. AlloVir, Inc.*, Case No. 1:24cv10152 (D. Mass.); *Teroganesian v. Southwest Airlines Co. et al.*, Case No. 4:23cv00115 (S.D. Tex.); *In re Origin Materials, Inc. Securities Litigtion*, Case No. 2:23-cv-01816 (E.D. Cal.); *Ouranitsas v. Tupperware Brands Corporation et al.*, Case No. 6:23cv00511 (M.D. Fla.); *Saye v. NIO Inc. et al.*, Case No. 1:22cv07252 (S.D.N.Y.); *In re IronNet, Inc. Securities Litigation*, No. 1:22-cv-00449 (E.D. Va.); *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319 (C.D. Cal.); *Valdes v. Kandi Technologies Group, Inc.*, No. 2:20-cv-06042 (E.D.N.Y.); *Vitiello et al. v. Bed Bath & Beyond, Inc. et al.*, No. 2:20-cv-04240 (D.N.J.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770 (E.D.N.Y.).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. Bernstein Liebhard was also listed for fifteen consecutive years in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09-cv-0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-cv-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-cv-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-cv-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-cv-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-cv-01203-VEC (S.D.N.Y. 2012) ($33 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21-MC-92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

**CONCLUSION**

For the foregoing reasons, Wester respectfully requests that this Court: (1) appoint him as Lead Plaintiff for the Action, and all subsequently-filed, related actions; and (2) approve Wester's selection of Bernstein Liebhard as Lead Counsel for the litigation.

Dated: August 3, 2026                    Respectfully submitted,

_/s/ Joseph R. Seidman, Jr._
**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  lhasson@bernlieb.com
           seidman@bernlieb.com

*Counsel for Glenn Austin Wester and Proposed*
*Lead Counsel for the Proposed Class*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Glenn Allen Wester certifies that this Memorandum of Law in support of Wester Motion contains 2,599 words and is in compliance with the word-count limitation of Local Civil Rule 7.1(c) and Rule 4(B)(i) of Judge Caproni's Individual Rules and Practices in Civil Cases.

Dated: August 3, 2026                                    */s/ Joseph R. Seidman, Jr.*
                                                          Joseph R. Seidman, Jr.

**CERTIFICATE OF SERVICE**

I, Joseph R. Seidman, Jr., hereby certify that on August 3, 2026, a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: August 3, 2026                                           /s/ *Joseph R. Seidman, Jr.*
                                                                Joseph R. Seidman, Jr.

00846550;V1                                    11