USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___8/4/2026____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

STEAMFITTERS LOCAL 449 RETIREMENT    :
SECURITY FUND, Individually and on Behalf of    :
All Others Similarly Situated ,    :
:
                              Plaintiff,    :
:                            26-CV-4660 (VEC)
                 -against-    :
:                            ORDER
BADGER METER, INC., KENNETH C.    :
BOCKHORST, ROBERT A. WROCKLAGE, and    :
DANIEL R. WELTZIEN,    :
:
                              Defendants.    :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on August 3, 2026, a motion for appointment as lead plaintiff and approval

or selection of lead counsel was filed by six sets of Movants: (1) Parekh Family Trust U/A DTD

06/06/2022; (2) Paul Heidbreder; (3) the City Pension Fund for Firefighters and Police Officers

in the City of Tampa; (4) Ashok and Mita Shah (collectively, the "Shahs"); (5) the Nova Scotia

Public Service Superannuation Plan and the Nova Scotia Teachers' Pension Plan (collectively,

the "Nova Scotia Plans"); and (6) Glenn Austin Wester, *see* Dkts. 17, 21, 24, 27, 31, 34;

WHEREAS pursuant to 15 U.S.C. § 78u-4(a)(3)(B), the Court is required to determine

the "most adequate plaintiff" in this action by reference to which of the Movants "has the largest

financial interest in the relief sought by the class," *id.* § 78u-4(3)(B)(iii)(I)(bb), and "otherwise

satisfies the requirements of Rule 23," *id.* 78u-4(3)(B)(iii)(I)(cc); and

WHEREAS the presumption that a Movant is the most adequate plaintiff may be rebutted

by evidence that the Movant "will not fairly and adequately protect the interest of the class" or is

"subject to unique defenses that render such plaintiff incapable of representing the class," *id.* at § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb);

IT IS HEREBY ORDERED that:

1. Any interested parties, including the Parties and Movants, shall have until **Tuesday, August 11, 2026**, to submit rebuttal evidence as to the financial interest in the relief sought by the class and adequacy and typicality of any of the Movants, although the Movants should not submit additional materials in support of their own motions except on reply, as discussed below.  Each interested party may make only one (1) submission, and each submission shall be no more than ten (10) pages, including any appendices or attorney declarations.

2. Each Movant may, but is not required to, submit a reply in support of their application not later than **Friday, August 14, 2026**.  Reply submissions shall be no more than five (5) pages, including any appendices or attorney declarations.

IT IS FURTHER ORDERED that, to the extent any interested party believes that its submissions should be filed under seal, they are respectfully directed to follow the Court's Individual Rules of Practice in Civil Cases, which may be found on the Court's website: https://nysd.uscourts.gov/hon-valerie-e-caproni.

**SO ORDERED.**

**Date:  August 4, 2026**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**