USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/13/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEAMFITTERS LOCAL 449 RETIREMENT SECURITY FUND, Individually and on Behalf of All Others Similarly Situated ,

Plaintiff,

-against-

BADGER METER, INC., KENNETH C. BOCKHORST, ROBERT A. WROCKLAGE, and DANIEL R. WELTZIEN,

Defendants.

26-CV-4660 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on August 3, 2026, a motion for appointment as lead plaintiff and approval or selection of lead counsel was filed by six sets of Movants: (1) Parekh Family Trust U/A DTD 06/06/2022; (2) Paul Heidbreder; (3) the City Pension Fund for Firefighters and Police Officers in the City of Tampa ("Tampa Fund"); (4) Ashok and Mita Shah (collectively, the "Shahs"); (5) the Nova Scotia Public Service Superannuation Plan and the Nova Scotia Teachers' Pension Plan (collectively, the "Nova Scotia Plans"); and (6) Glenn Austin Wester, *see* Dkts. 17, 21, 24, 27, 31, 34;

WHEREAS pursuant to 15 U.S.C. § 78u-4(a)(3)(B), the Court is required to determine the "most adequate plaintiff" in this action by reference to which of the Movants "has the largest financial interest in the relief sought by the class," *id.* § 78u-4(3)(B)(iii)(I)(bb), and "otherwise satisfies the requirements of Rule 23," *id.* § 78u-4(3)(B)(iii)(I)(cc);

WHEREAS the presumption that a Movant is the most adequate plaintiff may be rebutted by evidence that the Movant "will not fairly and adequately protect the interest of the class," *id.*

§ 78u-4(a)(3)(B)(iii)(II)(aa), or is "subject to unique defenses that render such plaintiff incapable of representing the class," *id.* § 78u-4(a)(3)(B)(iii)(II)(bb);

WHEREAS on August 4, 2026, the Court issued an order directing all parties and Movants to brief any opposition to the appointment of any of the Movants as lead plaintiff, Dkt. 39;

WHEREAS on August 4, 2026, Parekh Family Trust U/A DTD 06/06/2022 filed a notice of non-opposition to the motions by other Movants, *see* Dkt. 40;

WHEREAS on August 10, 2026, Mr. Wester filed a notice of non-opposition to the motions by other Movants, *see* Dkt. 42;

WHEREAS on August 11, 2026, the Nova Scotia Plans filed a notice of non-opposition to the motions by other Movants, *see* Dkt. 43;

WHEREAS on August 11, 2026, the Tampa Fund filed an opposition to the motions made by all other Movants, stating that the Tampa Fund's "$9.2 million loss is roughly 28 times larger than the loss of all other movants combined," Dkt. 44 at 1 (emphases omitted), and that it "also satisfies the adequacy and typicality requirements of Rule 23," thus making the Tampa Fund "presumptively" the "most adequate plaintiff under the PSLRA," *id.* at 1–2;

WHEREAS no party or Movant other than the Tampa Fund submitted an opposition to any of the lead plaintiff motions;

WHEREAS the Tampa Fund has requested that the Court appoint Bleichmar Fonti & Auld LLP and Motley Rise LLC as co-lead counsel for the putative class, *see* Dkt. 25 at 7–10;

WHEREAS Bleichmar Fonti & Auld LLP and Motley Rise LLC are independently qualified to represent the putative class; have a demonstrated history of successfully prosecuting securities litigations together; and have entered into a Joint Litigation Plan to ensure that the case is litigated efficiently and without duplication of effort, *see id.* at 7–10;

WHEREAS the Tampa Fund has alleged the largest financial interest in this litigation, *id.* at 1–7, presumptively making it the "most adequate plaintiff," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I);

WHEREAS the Tampa Fund has made a *prima facie* showing that it is typical of the proposed class, insofar as it purchased Badger Meter, Inc., common stock during the class period and was harmed by the alleged fraud, Dkt. 25 at 1–7;

WHEREAS the Court concludes that the Tampa Fund, as a sophisticated institutional investor with significant experience serving in a fiduciary capacity and in supervising the work of outside counsel, has satisfied the requirements of adequacy and typicality under Rule 23 of the Federal Rules of Civil Procedure; and

WHEREAS the Court finds that appointing the Tampa Fund "would best serve the class," *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008);

IT IS HEREBY ORDERED that:

1. The City Pension Fund for Firefighters and Police Officers in the City of Tampa's motion for appointment as lead plaintiff, Dkt. 24, is GRANTED. The Tampa Fund is hereby appointed as lead plaintiff in this action. 15 U.S.C. §§ 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii). To the extent the Tampa Fund anticipates requesting a service fee for acting as lead plaintiff, it is directed to keep reasonable track of time spent in connection with its role as lead plaintiff.
2. The selection of Bleichmar Fonti & Auld LLP and Motley Rise LLC as co-lead counsel for the putative class is APPROVED. *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v). Co-lead counsel shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort. The Court will not award fees, should any be eventually awarded, for inefficient work.

3. As stipulated by the parties on June 26, 2026, within **fourteen (14) days** after entry of this order appointing lead plaintiff, counsel for Defendants and co-lead counsel for the putative class shall confer and jointly submit a proposed schedule for the filing of (i) an amended complaint (or designation of an operative complaint) and Defendants' response thereto, and (ii) any motion to dismiss by any Defendant. **All such schedules must be approved by the Court.**

IT IS FURTHER ORDERED that the Clerk of Court (i) amend the case caption to add the City Pension Fund for Firefighters and Police Officers in the City of Tampa as a named plaintiff; (ii) update the docket to reflect the appointments of Bleichmar Fonti & Auld LLP and Motley Rise LLC as co-lead counsel for the putative class; and (iii) terminate the open motions at Dkts. 17, 21, 24, 27, 31, 34.

**SO ORDERED.**

**Date: August 13, 2026**
**New York, New York**

Valerie Caproni

**VALERIE CAPRONI**
**United States District Judge**