**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CITY PENSION FUND FOR FIREFIGHTERS AND POLICE OFFICERS IN THE CITY OF TAMPA,

Plaintiff,

v.

BADGER METER, INC., KENNETH C. BOCKHORST, ROBERT A. WROCKLAGE, AND DANIEL R. WELTZIEN,

Defendants.

Case No.: 1:26-cv-4660-VEC

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN**

Bryan B. House
Harper F. Beck
FOLEY & LARDNER LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202-5306
Phone: 414.297.5554
Email: bhouse@foley.com
harper.beck@foley.com

*Counsel for Defendants Badger Meter, Inc., Kenneth C. Bockhorst, Robert A. Wrocklage, and Daniel R. Weltzien*

**TABLE OF CONTENTS**


INTRODUCTION ........................................ 1

BACKGROUND ........................................ 2

ARGUMENT ........................................ 4

A. This Action Might Have Been Brought in the Eastern District of Wisconsin. .................. 4

B. The Eastern District of Wisconsin is the Most Convenient and Appropriate Forum.......... 5

1. Convenience of the Witnesses Strongly Favors Transfer....................................... 6

2. The Locus of Operative Facts Strongly Favors Transfer. ...................................... 7

3. Convenience of the Parties Favors Transfer.......................................................... 8

4. Plaintiff's Choice of Forum is Entitled to Little Weight........................................ 8

5. The Location of Relevant Documents and Ease of Access to Sources of Proof Favor Transfer. ................................................................................ 9

6. Availability of Process to Compel Unwilling Witnesses Favors Transfer. ............. 9

7. The Relative Means Factor is Neutral. ............................................................... 10

CONCLUSION ........................................ 10

# TABLE OF AUTHORITIES

Page(s)

## Cases

*AIG Fin. Products Corp. v. Pub. Util. Dist. No. 1 of Snohomish Cnty., Wash.*,
675 F. Supp. 2d 354 (S.D.N.Y. 2009) ........ 6

*Billing v. Commerce One, Inc.*,
186 F. Supp. 2d 375 (S.D.N.Y. 2002) ........ 7

*Cadilla v. MFX Sols., Inc.*,
No. 20 CIV. 5966 (AKH), 2021 WL 1268339 (S.D.N.Y. Apr. 6, 2021) ........ 9

*Cont'l Cas. Co. v. Lockheed Martin Corp.*,
No. 23 CIV. 11147 (PAE), 2024 WL 3862189 (S.D.N.Y. Aug. 19, 2024) ........ 4

*Dagher v. Triangle Capital Corporation et al*,
No. 17-cv-09102-VEC, Dkt. 31 (S.D.N.Y. January 12, 2018) ........ 4

*ESPN, Inc. v. Quiksilver, Inc.*,
581 F.Supp.2d 542 (S.D.N.Y.2008) ........ 6

*Garity v. Tetraphase Pharmaceuticals Inc.*,
No. 1:18-CV-06797 (ALC), 2019 WL 2314691 (S.D.N.Y. May 30, 2019) ........ 7, 8, 9

*In re ChannelAdvisor Corp. Sec. Litig.*,
No. 15-CV-506 AJN, 2015 WL 4064625 (S.D.N.Y. July 2, 2015) ........ 6

*In re Collins & Aikman Sec. Litig.*,
438 F.Supp.2d 392 (S.D.N.Y. 2006) ........ 10

*In re Energy Transfer Sec. Litig.*,
No. 22 CIV. 4614 (AKH), 2022 WL 17477854 (S.D.N.Y. Nov. 7, 2022) ........ 8

*In re Hanger Orthopedic Group, Inc. Sec. Litig.*,
418 F. Supp. 2d 164 (E.D.N.Y. 2006) ........ 4

*Myers v. Doe*,
No. 9:04 Civ. 0270, 2006 WL 3392692 (N.D.N.Y. Nov. 22, 2006) ........ 6

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
599 F.3d 102 (2d Cir. 2010) ........ 6

*Nosirrah Mgmt., LLC v. EVmo, Inc.*,
No. 21 CIV. 10529 (AT), 2023 WL 35028 (S.D.N.Y. Jan. 4, 2023) ........ 4, 5, 8

*Steck v. Santander Consumer USA Holdings Inc.*,
No. 14-CV-6942 JPO, 2015 WL 3767445 (S.D.N.Y. June 17, 2015)........................................ 6

*Student Advantage, Inc. v. Int'l Student Exch. Cards, Inc.*,
No. 00 CIV. 1971 (AGS), 2000 WL 1290585 (S.D.N.Y. Sept. 13, 2000) ................................ 4

*Yang v. Arora Hosp. LLC*,
No. 23-CV-1007-JPS, 2024 WL 865820 (E.D. Wis. Feb. 29, 2024) ........................................ 5

*ZPC 2000, Inc. v. SCA Group, Inc.*,
86 F.Supp.2d 274 (S.D.N.Y.2000) ............................................................................................ 7

## Statutes

15 U.S.C. § 78u-4(b)(3)(B)................................................................................................ 4

28 U.S.C. § 1404(a) ........................................................................................................ passim

Pursuant to 28 U.S.C. § 1404(a), Defendants Badger Meter, Inc. ("Badger Meter" or the "Company"), Kenneth C. Bockhorst ("Bockhorst"), Robert A. Wrocklage ("Wrocklage"), and Daniel R. Weltzien ("Weltzien") (Bockhorst, Wrocklage and Weltzien, collectively the "Individual Defendants" and, together with the Company, the "Defendants"), by their counsel, move this Court for an order transferring this action from the United States District Court for the Southern District of New York ("this District") to the United States District Court for the Eastern District of Wisconsin. Lead Plaintiff City Pension Fund for Firefighters and Police Officers in the City of Tampa does not oppose Defendants' Motion.

## INTRODUCTION

This putative securities class action should be transferred to the Eastern District of Wisconsin. Badger Meter is headquartered in Milwaukee, Wisconsin, and the Individual Defendants' alleged conduct arises from their work there. The statements challenged in the Complaint were prepared in, and issued from, the Eastern District of Wisconsin, the relevant witnesses are located there, and the pertinent documents and sources of proof are maintained there. By contrast, this District's only real connection to this case is that Badger Meter's stock trades on the New York Stock Exchange.

Newly appointed Lead Plaintiff likewise has no connection to this District. The City Pension Fund for Firefighters and Police Officers in the City of Tampa is a Florida public pension fund based in Tampa. Thus, this case is not being litigated in Plaintiff's home forum, and Plaintiff's forum choice—to the extent it has a preference—is entitled to little weight. Moreover, while Plaintiff does not join this Motion, it has represented that it does not oppose the Defendants' request to transfer this action to the Eastern District of Wisconsin.

Because this action could have been brought in the Eastern District of Wisconsin, and because that district is plainly the center of gravity of the dispute, transfer under 28 U.S.C. § 1404(a) is warranted.

**BACKGROUND**

On June 2, 2026, Steamfitters Local 449 Retirement Security Fund filed this putative securities class action in the Southern District of New York alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). (Dkt. 1, Compl. ¶ 1.) The Complaint purports to assert claims on behalf of a class of persons and entities that purchased or otherwise acquired Badger Meter common stock between April 18, 2024 and April 16, 2026. (*Id.*) On August 13, 2026, the Court appointed the City Pension Fund for Firefighters and Police Officers in the City of Tampa as lead plaintiff ("Lead Plaintiff"). (Dkt. 45.)

Badger Meter is a Wisconsin corporation with its principal executive offices in Milwaukee, Wisconsin. (Dkt. 1, Compl. ¶ 18; Declaration of William Bergum in Support of Defendants' Motion to Transfer Venue ("Decl.") ¶ 3.) Badger Meter manufactures and sells flow measurement and control devices, including water meters and advanced metering infrastructure solutions. (Dkt. 1, Compl. ¶ 2.) The Company's core management, finance, accounting, legal, investor relations, and operational functions are based in Milwaukee. (Decl. ¶ 4.)

The Individual Defendants are current Badger Meter officers whose alleged conduct arises entirely from their roles at the Company's Milwaukee headquarters. Bockhorst served as Badger Meter's Chief Executive Officer at all relevant times; Wrocklage served as Chief Financial Officer during most of the putative class period and later as Executive Vice President – North American Municipal Utility; and Weltzien has served as Chief Financial Officer since January 1, 2026. (Dkt.

1, Compl. ¶¶ 19–21.) The Individual Defendants reside in the Eastern District of Wisconsin and worked primarily from the Company's Milwaukee headquarters during the relevant period, and the earnings releases, SEC filings, and earnings call statements challenged in the Complaint were prepared, reviewed, and approved at the Company's principal executive offices in Milwaukee. (Decl. ¶ 8.)

The Complaint's claims center on Badger Meter's internal sales trends, backlog, project timing, demand conditions, forecasting, and financial reporting. (*See* Dkt. 1, Compl. ¶¶ 3-6.) The employees with knowledge of those subjects—including finance personnel, accounting personnel, investor relations personnel, sales and operations employees, and executive management—are located primarily in the Eastern District of Wisconsin. (Decl. ¶ 10.) Badger Meter's relevant books and records, including internal sales data, backlog information, financial reports, earnings materials, and other documents bearing on the allegations in the Complaint, are likewise maintained in the Eastern District of Wisconsin. (Decl. ¶ 9.)

By contrast, Badger Meter has no meaningful connection to this District. The Company is not headquartered in this District and does not maintain offices in this District. (Decl. ¶ 11.) The Complaint alleges no connection to this District other than the fact that Badger Meter's common stock trades on the New York Stock Exchange. (Compl. ¶ 15.)

Lead Plaintiff is a Florida public pension fund located in Tampa, Florida with no apparent connection to this District.

This case remains in its early stages. No answer or motion to dismiss has been filed, no discovery has commenced, and no merits-related proceedings have occurred. Because this action is a PSLRA securities case, discovery is stayed pending resolution of any forthcoming motion to

dismiss. *See* 15 U.S.C. § 78u-4(b)(3)(B). As a result, the Case Management Conference has been deferred until after a ruling on an expected motion to dismiss. (Dkt. 10.)

**ARGUMENT**

Under 28 U.S.C. § 1404(a), the Court may transfer this action "to any other district or division where it might have been brought." "Section 1404(a)'s goals are to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Cont'l Cas. Co. v. Lockheed Martin Corp.*, No. 23 CIV. 11147 (PAE), 2024 WL 3862189 at *4 (S.D.N.Y. Aug. 19, 2024) (citation and internal quotation marks omitted). "In deciding a motion to transfer, the court must determine: (1) whether the action could have been brought in the venue suggested by the movant, and (2) whether the balance of convenience and justice favors transfer." *Nosirrah Mgmt., LLC v. EVmo, Inc.*, No. 21 CIV. 10529 (AT), 2023 WL 35028 at *2 (S.D.N.Y. Jan. 4, 2023) (internal quotations omitted). While courts are not required to transfer securities-fraud actions to the district where the issuer is headquartered, "such transfers are routine." *In re Hanger Orthopedic Group, Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006) (collecting authorities); *see also Dagher v. Triangle Capital Corporation et al*, No. 17-cv-09102-VEC, Dkt. 31 (S.D.N.Y. January 12, 2018) (order granting motion to transfer venue).

**A. This Action Might Have Been Brought in the Eastern District of Wisconsin.**

Because this case might have been brought in the Eastern District of Wisconsin, the threshold requirement for transfer is plainly met. "An action 'might have been brought' in another forum if the transferee forum would have had personal jurisdiction over the defendant at the time the action was commenced and if venue properly lies there." *Student Advantage, Inc. v. Int'l Student Exch. Cards, Inc.*, No. 00 CIV. 1971 (AGS), 2000 WL 1290585 at *6 (S.D.N.Y. Sept. 13,

2000). Venue and personal jurisdiction would have been and remain proper in the Eastern District of Wisconsin.

Badger Meter is a Wisconsin corporation with its principal executive offices in Milwaukee, Wisconsin. (Dkt. 1, Compl. ¶ 18; Decl. ¶ 3.) The Company is therefore subject to personal jurisdiction there. *See, e.g., Yang v. Arora Hosp. LLC*, No. 23-CV-1007-JPS, 2024 WL 865820 at *3 (E.D. Wis. Feb. 29, 2024). The Individual Defendants' alleged conduct arises entirely from their roles as Badger Meter officers working from the Company's Milwaukee headquarters. (Dkt. 1, Compl. ¶¶ 19–21; Decl. ¶¶ 5-7.) They likewise are subject to personal jurisdiction in the Eastern District of Wisconsin based on their residence and the alleged conduct giving rise to the Complaint's claims. *See Yang,* 2024 WL 865820 at *3.

Venue also would have been (and continues to be) proper in the Eastern District of Wisconsin because a substantial part of the alleged events or omissions giving rise to the claims occurred there. The Complaint alleges violations of the Securities Exchange Act of 1934 in connection with Badger Meter's internal sales trends, backlog, project timing, demand conditions, forecasting, and financial reporting. Those matters were managed and analyzed from Milwaukee, and the public statements challenged in the Complaint were prepared and issued from there. (Decl. ¶¶ 4, 8-10.) In sum, the Eastern District of Wisconsin is not merely a permissible forum; it is the natural forum for this action.

### B. The Eastern District of Wisconsin is the Most Convenient and Appropriate Forum.

The second element of the Section 1404(a) analysis is "whether the balance of convenience and justice favors transfer." *Nosirrah Mgmt.,* 2023 WL 35028 at *2. To answer that question, courts consider factors such as: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the

convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). "While all of these factors are relevant to the analysis, '[t]he core determination to be made under section 1404(a) involves identifying the center of gravity of the litigation; a key component of that inquiry is focused upon the convenience of witnesses.'" *AIG Fin. Products Corp. v. Pub. Util. Dist. No. 1 of Snohomish Cnty., Wash.*, 675 F. Supp. 2d 354, 368 (S.D.N.Y. 2009) (quoting *Myers v. Doe*, No. 9:04 Civ. 0270, 2006 WL 3392692, at *2 (N.D.N.Y. Nov. 22, 2006)). Courts routinely transfer securities class action cases to the issuer's district "given the location of material witnesses and the locus of operative facts[.]'" *In re ChannelAdvisor Corp. Sec. Litig.*, No. 15-CV-506 AJN, 2015 WL 4064625 at *4 (S.D.N.Y. July 2, 2015). Because all factors either weigh in favor of transfer or are neutral, the Court should transfer this action to the Eastern District of Wisconsin.

**1. Convenience of the Witnesses Strongly Favors Transfer.**

"Courts have often noted that '[c]onvenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted.'" *In re ChannelAdvisor,* 2015 WL 4064625 at *2 (quoting *ESPN, Inc. v. Quiksilver, Inc.*, 581 F.Supp.2d 542, 547 (S.D.N.Y. 2008)). In securities class actions, courts presume the key witnesses are officers and employees of the corporate issuer who participated in drafting or distributing the challenged statements. *See, e.g., Steck v. Santander Consumer USA Holdings Inc.*, No. 14-CV-6942 JPO, 2015 WL 3767445 at *3 (S.D.N.Y. June 17, 2015).

Here, none of the likely witnesses reside in this District and most, if not all, of the potential witnesses reside in the Eastern District of Wisconsin. The Individual Defendants are the "key witnesses" in this case. Each of them resides in the Eastern District of Wisconsin. (Decl. ¶¶ 5-7.) Other potential witnesses could include Badger Meter employees in finance, accounting, sales, or

operations who have knowledge concerning the subjects alleged in the Complaint. Those potential witnesses also are predominantly located in Wisconsin. (Decl. ¶ 10.)

Requiring Badger Meter's executives and employees to travel repeatedly to New York for proceedings in a case that concerns Wisconsin operations would impose unnecessary burden and expense and would disrupt the Company's business. This is particularly true where ***none*** of the potential witnesses reside in this District. This factor therefore weighs heavily in favor of transfer.

**2. The Locus of Operative Facts Strongly Favors Transfer.**

"The location of the operative events is a 'primary factor' in determining a § 1404(a) motion to transfer." *Billing v. Commerce One, Inc.*, 186 F. Supp. 2d 375, 377 (S.D.N.Y. 2002) (quoting *ZPC 2000, Inc. v. SCA Group, Inc*., 86 F.Supp.2d 274, 279 (S.D.N.Y. 2000)). Here, everything of consequence alleged in the Complaint occurred in the Eastern District of Wisconsin. The Complaint challenges Badger Meter's public statements concerning customer demand, order pacing, backlog conversion, project timing, growth prospects, and financial results. (Compl. ¶¶ 3–6, 29–65.) Those statements were prepared, reviewed, approved, and issued from the Company's headquarters in Milwaukee. (Decl. ¶ 8.) The Complaint's allegations that Defendants purportedly knew contrary information about Badger Meter's internal demand trends, project timing, customer ordering behavior, and financial outlook are also subjects rooted in the Company's operations and management in the Eastern District of Wisconsin. (Decl. ¶¶ 4, 9-10.)

In contrast, the Complaint alleges no operative facts occurring in this District. Its only asserted connection to this District is that Badger Meter common stock trades on the NYSE and that the alleged misstatements purportedly were disseminated in this District. (Compl. ¶ 15.) That does not justify retaining the case in this District. In securities class action cases, the operative facts are not where stock traded or where investors happened to receive public statements, but rather where the challenged statements were created and issued. *See Garity v. Tetraphase*

*Pharmaceuticals Inc.*, No. 1:18-CV-06797 (ALC), 2019 WL 2314691 at *4 (S.D.N.Y. May 30, 2019).

Because the conduct at issue arose from Badger Meter's headquarters and corporate operations in Milwaukee, the locus of operative facts strongly favors transfer to the Eastern District of Wisconsin.

**3. Convenience of the Parties Favors Transfer.**

The convenience of the parties also favors transfer. Badger Meter is headquartered in Milwaukee, and the Individual Defendants' alleged conduct arises entirely from their work there. (Compl. ¶¶ 18–21; Decl. ¶¶ 3, 5-7.) The Eastern District of Wisconsin is the forum in which the Individual Defendants live or work and from which the events at issue arose. Litigating in the Eastern District of Wisconsin would therefore be substantially more convenient for Defendants than litigating in this District. *See In re Energy Transfer Sec. Litig.*, No. 22 CIV. 4614 (AKH), 2022 WL 17477854 at *2-3 (S.D.N.Y. Nov. 7, 2022). By contrast, Lead Plaintiff is a Florida public pension fund located in Tampa, Florida with no apparent connection to this District. On these facts, Lead Plaintiff cannot plausibly contend that this District is uniquely convenient in a way that outweighs the substantial burden imposed on Defendants by litigating far from their home district. And, importantly, Lead Plaintiff does not oppose Defendants' request to transfer this case to the Eastern District of Wisconsin.

**4. Plaintiff's Choice of Forum is Entitled to Little Weight.**

Although a plaintiff's choice of forum ordinarily receives some deference, it is entitled to diminished weight here for multiple reasons. First, as discussed above, Lead Plaintiff is not a New York resident and has no apparent connection to this District. Where the chosen forum is not the plaintiff's home forum, the plaintiff's choice is entitled to reduced deference. *See Nosirrah Mgmt.*, 2023 WL 35028 at *3. That is especially so where, as here, the forum lacks a material connection

to the underlying events alleged in the complaint. *Id.* Second, this is a putative securities class action on behalf of a geographically dispersed class of investors. In such actions, courts routinely afford reduced weight to the plaintiff's forum choice because the case is not a localized dispute and the putative class members are spread across the country. *See Garity*, 2019 WL 2314691 at *2 (collecting cases). Finally, Lead Plaintiff does not oppose Defendants' request to transfer this case to the Eastern District of Wisconsin.

**5. The Location of Relevant Documents and Ease of Access to Sources of Proof Favor Transfer.**

The location of relevant documents and sources of proof also favors transfer. The records relevant to the Complaint's allegations are maintained in the Milwaukee area. (Decl. ¶ 9.) The custodians of those records are likewise located primarily in the Milwaukee area. (Decl. ¶ 10.) New York, by contrast, is not the location of any material body of documentary evidence. While in the modern age of electronically stored documents this factor does not hold as much weight as it once did, courts still "have found this factor to weigh in favor of transfer to the corporate issuer's home forum in securities class actions." *Garity*, 2019 WL 2314691 at *3.

**6. Availability of Process to Compel Unwilling Witnesses Favors Transfer.**

The availability of compulsory process also favors transfer. To the extent any relevant non-party witnesses are needed for trial—including former Company employees or other persons with knowledge of the Company's internal operations and disclosures—those witnesses are far more likely to be located in Wisconsin than in New York. The Eastern District of Wisconsin is therefore better positioned to compel the attendance of such witnesses at trial, if necessary. *See Cadilla v. MFX Sols., Inc.*, No. 20 CIV. 5966 (AKH), 2021 WL 1268339 at *3 (S.D.N.Y. Apr. 6, 2021).

### 7. The Relative Means Factor is Neutral.

The relative means of the parties is neutral. Lead Plaintiff is a sophisticated institutional investor represented by experienced counsel. Lead Plaintiff also does not have any special need to litigate in this District, given that it is located in Florida and not in this District. There is no reason to believe that Lead Plaintiff's financial situation suggests that litigating in Wisconsin, rather than New York, would "meaningfully impede its ability to litigate this case." *See In re Collins & Aikman Sec. Litig.*, 438 F.Supp.2d 392, 397 (S.D.N.Y. 2006).

In sum, every meaningful Section 1404(a) consideration points in the same direction: this action should proceed in the Eastern District of Wisconsin, where it could have been brought and where convenience and justice are best served.

## CONCLUSION

For these reasons, this Court should grant Defendants' motion and enter an order transferring venue to the United States District Court for the Eastern District of Wisconsin.

Dated: August 27, 2026

Respectfully submitted,

*<u>/s/ Bryan B. House</u>*
Bryan B. House
Harper F. Beck
FOLEY & LARDNER LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202-5306
Phone: 414.297.5554
Email: bhouse@foley.com
harper.beck@foley.com

*Counsel for Defendants Badger Meter, Inc., Kenneth C. Bockhorst, Robert A. Wrocklage, and Daniel R. Weltzien*

**CERTIFICATION OF WORD-COUNT COMPLIANCE**

Consistent with Judge Caproni's Individual Rules of Practice in Civil Cases, Rule 4(B)(i), the undersigned hereby certifies that the foregoing brief contains 2,940 words and thus complies with the applicable word limit.

*/s/ Bryan B. House*